PITT'S SONS' MANUFACTURING CO. V. SPITZNOGLE.

1. **Sale: WARRANTY: RESCISSION OF CONTRACT.** Where a written warranty given upon the sale of a threshing machine provided that if, upon notice of defects in the machine, the sellers failed to make it do good work, it should be returned by the buyer and the payments made would be refunded or another machine furnished which would work satisfactorily, it was held that an offer by the purchaser to return the machine, coupled with a demand for the return of his notes, was not such a compliance with the contract as would authorize him to claim a rescission of the contract of sale.

*Appeal from Muscatine Circuit Court.*

MONDAY, JUNE 14.

THIS is an action in equity upon promissory notes, amounting to six hundred and thirty dollars, and to foreclose a mortgage executed to secure them upon one Chicago Pitts No. 2 Senior Separator.

The defendant alleges that the notes were given for the purchase price of the thresher, and that they are without consideration, because of the breach of the written warranty under which the machine was sold. The defendant also claims damages in the sum of $470. The court rendered judgment against the defendant for $389.85. The defendant appeals.

*Cloud & Cloud*, for the appellant.

*J. Carskaddan*, for the appellee.

DAY, J.—The plaintiffs sold to the defendant the threshing machine in question, with the following warranty.

" Every machine we build is warranted to be well made, of good material in all its parts, and finished by skillful workmen and capable of cleaning and threshing grain and seeds fit for market if well managed. If any part of the machine shall fail through defective material within one year from date of order, the defective

<div style="font-size:smaller">1. SALE: warranty; rescission of contract.</div>

part shall be made good. It is further agreed, by and between the purchaser and H. A. Pitt's Sons' Manufacturing Company, that if the machine fails to perform satisfactorily, notice shall be given to the local dealer through whom it was purchased and to H. A. Pitt's Sons' Manufacturing Co., and reasonable time allowed to get to it to remedy the defect, if any. If they are unable to make it operate well (the purchaser rendering necessary and friendly assistance), and the fault is in the machine, it is to be taken back to the place of delivery and the payments refunded, or another machine of the same make furnished that will answer the warranty; but if the purchaser fails to make it perform through improper management or want of skill and calls on the manufacturers or their representatives as above stated, then the said purchaser is to pay all the expenses incurred."

It is agreed by the attorneys for the plaintiff and the defendant that all of the evidence touching the point in controversy is substantially as follows:

"That on the 12th of July, 1877, the defendant received the threshing machine of plaintiff's agents, Benham & Smith, at Muscatine, Iowa, and executed his notes and mortgage in the petition described; that immediately after receiving the machine defendant threshed wheat, oats and rye for several parties in the vicinity of Muscatine, sent word to plaintiff's agent that it did not clean the grain well, and a special agent from plaintiff's shop in Chicago came and saw the machine threshing rye on Muscatine Island, and put in a new sieve. The defendant then took his machine to his residence in Louisa county, about twenty-five miles from Muscatine, and threshed for different farmers in that vicinity during the ensuing two months; that while in the defendant's hands the machine did not work satisfactorily within the meaning of the contract—was of heavy draft—did not thresh wheat clean and did not clean the grain well as it left the machine, and was of faulty construction; that about the — day of September, 1877, defendant saw plaintiff's agent at Muscatine and complained that the ma-

chine did not work well. Thereupon said agent agreed to send to plaintiffs at Chicago and have a special agent come from there and go to Louisa county, and test and repair the machine, on the following Wednesday; that upon the following Wednesday the Chicago special agent came, and with Mr. Benham, of Benham & Smith, started for Louisa county to meet defendant and fix the machine; that they met defendant about eight miles from Muscatine with the machine; that defendant claimed that Tuesday was the day agreed upon for the test, that he had waited for them on Tuesday and they had failed to come on that day; that the defendant refused to let the Chicago agent attempt to try or repair the machine, saying that he had already experienced enough trouble with the machine, and did not want to be bothered with it any longer, and he brought it on to Muscatine and demanded of plaintiff's agents, Benham & Smith, the surrender of his notes, and offered upon such surrender to deliver up the machine; that Benham & Smith refused to accede to this demand, and that defendant thereupon stored the machine with one Murphy, and served the notices in his answer set forth.

That plaintiff's agents then obtained a job of threshing wheat and oats at Muscatine in order to test the machine, and asked the defendant to be present at such test and give friendly assistance therein, and that he refused to do so. Plaintiff's agents then took the machine from the place of storage, had some repairing done upon it, and did said test job of threshing, which occupied a day and a half, and then returned the machine to the place of storage, where it still remains. On such test the machine threshed oats well, but did not thresh and clean the wheat well, leaving a good deal of wheat in the straw it threshed."

The notice served upon plaintiff and upon Benham & Smith is as follows:

" You will take notice that I have stored with Murphy, on Iowa Avenue, in the City of Muscatine, Iowa, the Chicago Pitts Threshing Machine you delivered to me on or about

July 12, 1877, said machine failing to comply with the terms of your contract and warranty. The same is now subject to your order and I demand of you a return of the notes I gave you for said machine, as well as $30.50 freight and charges paid by me to you on the same."

The court made the following finding:

" It is somewhat doubtful whether the defendant afforded full opportunity for the trial of the machine under the terms of the contract. But however this may be, he did not make such a tender of the machine as would entitle him to rescind the contract. The plaintiff had the option of refunding the payments or furnishing another machine, in case that already furnished did not work satisfactorily. But the defendant prevented the exercise of this option by his refusal to surrender the machine unless the notes were returned. He made the return of the notes the indispensable condition of the surrender of the machine. That the machine failed to work 'satisfactorily,' within the meaning of the contract, is quite evident. I think it may be said the machine was in some respects wholly defective, and that the defendant thereby sustained damages at $315, and render judgment and decree as prayed for the remaining sum of $315, with ten per cent interest from July 12, 1877, with special and general execution as may be necessary."

In accordance with this finding judgment was rendered in favor of plaintiff for $315, with interest and attorneys' fees, amounting in all to $389.85.

The defendant insists that he should be altogether discharged from the notes as upon a rescission of the contract. The contract of warranty stipulates that, " if they are unable to make it operate well and the fault is in the machine, it is to be taken back to the place of delivering, and the payments refunded, or another machine of the same make furnished that will answer the warranty." It is evident that the option is thus given to the plaintiff to refund the payments or furnish another machine that will answer the warranty. Before the

defendant can claim there has been a rescission of the contract it must appear that the machine was returned under circumstances allowing the plaintiff this option, and that the plaintiff neglected either to refund the payments or deliver another machine. It is apparent, however, from the evidence, that the defendant did not allow to the plaintiff this option. The defendant did not demand a return of the notes or the delivery of a machine which would comply with the warranty. The defendant himself made the election and demanded a return of the notes, as well as freight and charges paid on the machine. It is true the plaintiff might have offered another machine answering the terms of the warranty, and if the defendant had refused to accept it there could have been no rescission of the contract. But we think the plaintiff was not under obligation to make this offer. The written warranty stipulates what shall be done in the event of the failure of the machine sold to answer the warranty. It was the duty of the defendant to ask for just what the contract stipulates. He did not do this, but demanded relief not provided for in the contract. It was the right of the plaintiff to refuse to do what was demanded. Such refusal did not operate as a rescission of the contract. No question is made as to the right of the defendant to recoup the damages which he has sustained because of the imperfect construction of the machine. The only question presented pertains to the right of the defendant to have the contract regarded as rescinded, and to be discharged entirely from the consideration. Upon this question we think the court ruled correctly.

<div align="right">AFFIRMED.</div>