## DAVIS' SONS v. ROBINSON.

1. **Instruction:** ASSUMPTION OF DEFENSE NOT PLEADED: DEFENSE NOT SUPPLEMENTED BY ALLEGATIONS IN COUNTER-CLAIM. An instruction based upon the theory that a certain defense was set up in the answer, which was not in fact set up, unless the defensive portion of the answer be supplemented by allegations contained in other divisions stating counter-claims, *held* erroneous; as each affirmative defense must be stated in a distinct division of the answer, and must be sufficient in itself. Code, § 2657.

2. **Sale of Machine:** WARRANTY: WAIVER OF CONDITIONS OF: EXAMPLE. A party who sells upon a conditional warranty may waive such of the conditions as were intended for his benefit. Accordingly, where plaintiffs sold to defendant a machine warranted to do good work, but with a provision that, if it failed on trial, defendant should give them notice thereof, and of the *nature of the defects, in writing,* and afford them an opportunity to repair or remove the defects; but they responded to a notice by *telegraph,* and sent an agent to fix the machine, *held* that they thereby waived their right to object to the notice as not being in writing, and as not being as full and formal as they were entitled to under the contract. *Wendall v. Osborne,* 63 Iowa, 99, distinguished.

3. **Principal and Agent:** POWER OF AGENT TO BIND PRINCIPAL LIMITED TO BUSINESS IN HAND: EXAMPLE. Where the business about which an agent was employed related solely to the examination and repair of a machine which his principals had sold to defendant, under an agreement that, if they failed to make it do good work, they would replace it with a new machine, *held* that the agent could not bind his principals by directing a different disposition of the machine, upon its failure, from that provided for in the contract, nor by his statement that they were unable to furnish a new machine.

4. **Evidence:** AUTHORSHIP OF LETTERS WRITTEN WITH TYPE-WRITER. Letters written with a type-writer and received by defendant through the mail, and purporting to be answers to letters written by him to plaintiffs, were admissible in evidence against plaintiffs without further proof that they were written by them.

5. **Sale of Machine:** WARRANTY: WAIVER OF BY FAILURE TO PERFORM CONDITION. The contract in question provided that if the defendant did not make full settlement for the machine when delivered to him he would thereby waive the warranty. By another provision of the contract, defendant agreed, upon the delivery of the machine, to make certain notes for a part of the purchase price, and to pay *in cash, in an old machine,* $150. *Held* that by failing to deliver the old machine, as

per contract, at the time he received the new one, defendant forfeited his rights under the warranty.

*Appeal from Buchanan Circuit Court.*

FRIDAY, OCTOBER 23.

PLAINTIFFS brought this action to recover the value of a threshing-machine, which they allege defendant agreed to deliver to them as part payment for a machine which they sold and delivered to him. They allege that in July, 1883, they sold and delivered to defendant a threshing-machine for the price of $650, and that they agreed to accept, and defendant agreed to deliver, in payment of $150 of the amount, an old threshing-machine then owned by him; and that he had refused on demand to deliver said machine.

Defendant admits that he purchased the machine from plaintiffs on the terms alleged in the petition, and that they demanded the delivery of the old machine, and that he refused to deliver the same. He also pleaded a counter-claim on account of the alleged failure of the warranty of the machine bought by him of plaintiffs, also on account of the wrongful suing out by plaintiffs of a writ of attachment in the cause. There was a verdict and judgment for defendant. Plaintiffs appeal.

*Charles E. Ransier*, for appellants.

*H. W. Holman* and *E. E. Hasner*, for appellee.

REED, J.—The machine sold by plaintiffs to defendant was purchased and sold on the following warranty and agreement: " *     *     *     That it is well made, of good materials, and with proper management is capable of doing first-class work; that the purchaser shall have three days to give it a fair trial, and, if it should not work well, written notice, stating wherein it fails, is to be given to the agent from whom it is received, and to John S. Davis' Sons, Davenport, Iowa,

and reasonable time allowed to get to it and remedy the defects, if any, (the purchaser rendering necessary friendly assistance,) when, if it cannot be made to do good work, it shall be returned to the place where received, and a new machine given in its place, or the notes and money will be refunded. Continued possession of the machine shall be evidence of satisfaction; it being understood and agreed that, if the purchaser does not make full settlement with cash or approved notes for the machine upon its delivery to him, he thereby waives all claims under this warranty. (No agent has authority to change the above warranty.)"

The contract also provides that defendant will pay $650 for the machine, as follows: "Cash, old machine, $150; note due December 1, 1883, $200; note due December 1, 1884, $200; note due December 1, 1885, $100." Also, that said notes shall be secured by a chattel mortgage on the machine. When defendant received the machine, he executed and delivered the notes and mortgage provided for in the contract. The machine did not work in a satisfactory manner, and defendant verbally notified the agent from whom he received it of the fact, and the agent telegraphed to plaintiffs asking them to send a man to fix the machine. Defendant also telegraphed them making the same request. Neither of these notices to plaintiffs informed them wherein the machine failed. They, however, in the course of a few days, sent a man to defendant's place who undertook to run the machine; defendant furnishing the necessary help, also furnishing grain to be threshed. But he was not able on that day to make it work in a satisfactory manner, and there is evidence tending to prove that he declared that he could not make it do good work, and that he directed defendant to stack it up on his place and let it remain there until he heard from plaintiffs. Also, that he stated that he would inform plaintiffs of the failure of the machine, and would endeavor to procure and return to defendant the notes which he gave for the machine. This attempt of the agent to make the

machine work was made on a Saturday, and on the evening of that day he returned to Davenport, (where plaintiffs' place of business is situated,) and on the following Monday he went again to defendant's place, taking with him certain attachments which he proposed to place on the machine, and then make another trial of it. But defendant declined to render any further assistance in the effort to make it work, or to retain it on any conditions.

There is also evidence tending to show that defendant, on the first day on which the agent attempted to make the machine work, offered to accept another machine if plaintiffs would at once ship it to him at their cost, but that the agent then informed him that plaintiffs had no machine of the size of the one in question. The machine remained on defendant's place for about two months after the trial, when defendant hauled it to the railroad station where he had received it, and notified plaintiffs of what he had done with it, and demanded the return of his notes. Plaintiffs, however, had transferred the notes to a third party, who afterwards foreclosed the chattel mortgage given for their security, realizing enough on the sale of the machine under the foreclosure proceedings to satisfy the note first falling due, and credit $53.78 on one of the other notes.

I. Plaintiffs asked the court to instruct the jury that under the pleadings they were entitled to recover the price of the old machine, with interest thereon from the date of defendant's refusal to deliver it. The court added the following to the instruction as asked: "Unless you find under the evidence and these instructions that the entire consideration for said old machine had failed before the demand for the delivery of said machine was made by plaintiff;" and with this modification gave it to the jury. Plaintiffs assign the giving of this modification as error. Their position is that the modification is not applicable to the issues as made by the pleadings. As indicated in the statement of the case,

1. INSTRUC-
TION : as-
sumption of
defense not
pleaded: de-
fense not sup-
plemented by
allegations in
counter-
claim.

plaintiffs sought to recover the value of the old machine. They set out in their petition the contract for the sale by them of the new machine to defendant, including the warranty.

In the first division of his answer, defendant admitted the making of this contract, and admitted that plaintiffs had demanded the delivery of the old machine, and that he had refused to deliver it, but alleged that "such demand and refusal was after an entire failure of the conditions of the warranty of the machine purchased from plaintiffs by defendant." The language here quoted contains the only matter attempted to be pleaded as a defense to plaintiffs' demand. The paragraph contains no statement of the conditions of the warranty, nor does it contain any specific statement of the failure of the warranty. It, however, admits the making of the contract as alleged in the petition, and it contains the general allegation that there was an entire failure of the conditions of the warranty. As plaintiffs made no question of the sufficiency of this pleading before the trial, if the failure of the warranty alone constituted a defense to their demand, they would not now be permitted to allege that such failure of warranty was not sufficiently pleaded. But the mere failure of the warranty does not constitute a defense. The contract provides that if the machine shall fail to comply with the warranty, plaintiffs shall be notified of this failure and have an opportunity to remedy the defects, and that, if they are not able to make it comply with the warranty, they shall either furnish another machine or the sale shall be rescinded. Unless these provisions of the contract have been complied with or waived, defendant has no defense against the demand asserted by plaintiffs. *King' v. Towsley*, 64 Iowa, 75. But there was no attempt in this paragraph of the answer to plead either a compliance with or waiver of them. In the other divisions of the answer are pleaded the several counter-claims set up by defendant. A failure of the warranty and rescission of the contract are

pleaded in those paragraphs. But the allegations of those divisions cannot be considered in aid of the defense attempted to be pleaded. Each affirmative defense must be stated in a distinct division of the answer, and must be sufficient in itself. Code, § 2657. We think, therefore, that plaintiffs were entitled on the pleadings to recover the price of the old machine, and that the circuit court erred in adding the qualification to the instruction.

II. The circuit court instructed the jury, in effect, that plaintiffs might waive those provisions of the contract which were intended for their benefit, and that if, in compliance with defendant's request by telegraph, they sent an agent to fix the machine, they thereby dispensed with that provision which requires that written notice of the failure of the machine to work in a satisfactory manner, and the respect in which it fails, be given them; and that if plaintiffs or their authorized agent informed defendant, after they had failed to make the machine work in a satisfactory manner, that they had no other machine of the same make and size which they could furnish him, he had the right at once, and without first making a demand that they furnish him with another machine, to rescind the sale and demand the return of the notes which he had given them. The giving of these instructions is assigned as error.

2. SALE of machine: warranty: waiver of conditions of: example.

We think the holding that plaintiffs had dispensed with the provision of the contract which requires that a written notice should be given them of the failure of the machine to work in a satisfactory manner is clearly correct. The provision was for their benefit. They are manufacturers of threshing-machines, and their object in inserting the provision in the contract doubtless was to secure to themselves such information with reference to the defects in the machine as would enable them to make provision at their manufactory for its repair before sending out an agent to make the repairs. When they were advised that the machine was not working

Davis' Sons v. Robinson.

satisfactorily, they at once notified defendant that they would send a man to fix it; and, without requesting or receiving any information as to the nature of the defects, they sent an agent to examine it, and directed him to put it in condition to do good work, if he was able to do so. They doubtless were entitled to a reasonable time after the agent examined the machine, and ascertained what were its defects, in which to procure the necessary appliances, and make the necessary repairs or alterations. But, having acted upon the notice which was given them, they cannot now be permitted to assert that it was not as full or formal a notice as under the contract they were entitled to receive. The case, in this respect, is very different from *Wendall v. Osborne*, 63 Iowa, 99, cited and relied on by appellants. In that case, notice of defects in the machine was required to be given within a specified time, and it was provided in the contract that keeping the machine until the expiration of that time without giving notice of defects should be deemed conclusive evidence that it complied with the warranty; and it was held that the vendor did not waive this provision of the contract by examining the machine, and attempting to correct the defects in its construction, upon a request or notice given after the expiration of the time provided in the contract for the giving of such notice.

The ground of the holding is that, at the time the notice was given, the warranty, in contemplation of law, under its terms, had been fully performed, and the rights and liabilities of the parties had been fully settled. And, as the notice which had been given, and the acts which had been done by the vendor, were matters entirely outside of the contract, they could not have effect in determining the rights of the parties. But in the present case the warranty had not been performed when the notice was given. The rights and liabilities of the parties were not then settled, but plaintiffs were bound either to correct the defects in the machine, or permit the contract to be rescinded. It is very apparent that the rule

Davis' Sons v. Robinson.

applied in that case can have no application to this state of facts.

III. As an abstract proposition, the holding that if plaintiffs failed to make the machine do good work, and they or their authorized agent informed defendant that they had no other machine which they could give him in its place, he had the right at once to rescind the contract and demand the return of his notes, is undoubtedly correct. We think, however, that the court was not warranted by the evidence in giving that instruction. Under the provisions of the contract, plaintiffs had the option, if they failed to make the machine comply with the warranty, to furnish another machine in its place. Unless this provision was dispensed with, or they were unable to perform it, defendant could not rescind the contract without first giving them an opportunity to furnish another machine. *Pitt's Sons' Manuf'g Co. v. Spitsnogle*, 54 Iowa, 36. The only evidence of a waiver by plaintiffs of the provision, or of their inability to perform it, is the alleged direction of the agent to defendant to stack the machine up on his place, and let it remain there until he should hear from plaintiffs; and his statement that they had no other machine of that size and make which they could furnish defendant. But it is shown by the testimony, without dispute or contradiction, that the agent had no power or authority to waive any of the provisions of the contract. And it is equally clear that his statement was not admissible as an admission by plaintiffs that they were not able to perform the condition of the contract. The business about which he was employed at the time related to the examination and repair of the machine, and while his statements made at the time with reference to that subject would be admissible against his principal, he clearly had no power to bind them by his statements with reference to other matters. We think, therefore, that the court erred in giving said instruction. Also that it erred in giving the twenty-third

*Marginal note:* 3. PRINCIPAL and agent: power of agent to bind principal limited to business in hand: example.

Davis' Sons v. Robinson.

instruction, in which it submitted to the jury the question whether the agent had the authority to direct a different disposition of the machine, after the alleged failure, from that provided for in the contract. There was no evidence tending to prove that he had such authority.

IV. The court, against plaintiffs' objection, admitted in evidence certain letters which purport to be written by plaint- iffs to defendant, and which relate to the subject of the controversy. They were written with a type-writer, and there was no direct evidence that they were written by plaintiffs or by their direction. It is shown, however, that defendant received them through the mail, and they purport to be in answer to letters which he had written to plaintiffs. They were admissible without further proof than this that they were written by plaintiffs. Greenl. Ev., § 573a.

*4. EVIDENCE: authorship of letters written with type-writer.*

V. Plaintiffs asked the court to instruct the jury that by his failure to deliver the old machine when he received the new one defendant had waived all claims under the warranty, and they assign the refusal of the court to give this instruction as error. The contract provides that "if the purchaser does not make full settlement with cash or approved notes for the machine upon its delivery to him, he thereby waives all claims under this warranty." By another provision of the contract defendant agreed to deliver the old machine in payment of $150 of the price he was to pay for the new machine. This is spoken of in the contract as a cash payment. When all of the provisions of the contract are considered, there can be no doubt but that defendant's undertaking was that he would deliver the old machine when he should receive the new one. He received the new machine at Urbanna, and he testified that the understanding was that he should haul the old machine to that place and there deliver it. He gave his notes for the remainder of the purchase price of the new machine at the time he received it, but neglected to deliver

*5. SALE of machine: warranty: waiver of by failure to perform condition.*

the old one.    It cannot be said that he made full settlement for the machine upon its delivery, and his express agreement was that by a failure to do that he would waive all claims under the warranty.    We think, therefore, that the instruction should have been given.    For the errors pointed out the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.