### BARRETT & BARRETT v. WHEELER & HERALD.

1. **Evidence:** WRITTEN WARRANTY: CONTEMPORANEOUS PAROL WARRANTY. Where a written warranty and a contemporaneous parol warranty were both pleaded by defendant, and the written warranty was established without conflict, it was error to allow evidence of the parol warranty to go to the jury.

2. **Contract:** GOODS ORDERED FOR SPECIAL PURPOSE: PURPOSE DEFEATED: LIABILITY. Defendants purchased a large quantity of cider from plaintiffs for the purpose of bottling the same for resale, and at the same time requested plaintiffs to have printed for them show cards and labels to be used in the sale of the cider. The cards and labels were procured and paid for by plaintiffs, and sent with the cider to defendants, but they were useless in defendants' hands on account of their not being able to use the cider—it not being of the quality warranted to them. *Held* that defendants were liable to plaintiffs for the price of the cards and labels, notwithstanding the breach of warranty as to the cider.

3. **Evidence:** WARRANTY: HEARSAY AS TO QUALITY OF GOODS. What the purchaser of goods from a vendee may have said as to the quality of the goods, is mere hearsay on a question of breach of warranty between the vendee and his vendor.

4. ——: CONCLUSION ASKED FOR: FACTS GIVEN. Where a question to a witness calls for his conclusion as to the effect of a contract, but the witness .simply states what he claims to be the terms of the contract, there is no prejudice from the erroneous question. •

*Appeal from Pottawattamie Circuit Court.*

MONDAY, JUNE 13.

ACTION at law on an account for goods sold and delivered, and for money paid for the use and benefit of defendants, and at their request. There was a verdict and judgment for defendants, and plaintiffs appeal.

*Smith, Carson & Harl,* for appellant.

*Geo. A. Holmes* and *Sapp & Pusey,* for appellees.

REED, J.—Plaintiffs are manufacturers and dealers in cider at the city of Chicago. Defendants carry on a bottling establishment at Council Bluffs. On the twenty-eighth of March, 1883, defendant sent to plaintiffs an order for ten casks of cider. They also requested them to have printed for them 100 show-cards and 3,000 labels for bottles, and promised to pay for the same. The show-cards were intended to be used for the purpose of advertising the cider, and the labels were designed to be placed upon the bottles in which defendants would put it. Plaintiff shipped the cider as requested, and paid the freight on it to its destination. They also procured and paid for the cards and labels, and sent them to the defendants. This action was brought for the recovery of the value of the cider, and for the money paid out as freight on it, and for the cards and labels. The defendants answered that, by the terms of the contract,

plaintiffs were to deliver the cider in Council Bluffs, and consequently they are not answerable for the freight; that the sale was by sample, and that the cider delivered did not correspond with the sample, being greatly inferior in quality and value to it; that the sale was upon a written warranty that the cider would be satisfactory to them; also that, pending the negotiation, plaintiffs gave a parol warranty that the cider would be satisfactory to defendants and their customers, and that there was a breach of both of these warranties, in that the cider delivered was unmerchantable and valueless; also that they tendered the cider back to plaintiffs when they discovered its condition, and that they ordered the cards and labels with special reference to the purchase of said cider, and with the intention of using them in the sale of the same, and that they were of no value for any other use.

I.   It was proven on the trial that, pending the negotiation which resulted in the sale, plaintiff gave a written warranty 1. EVIDENCE: of the quality of the cider, and that this was written war- ranty· con- relied on by defendants in making the purchase. temporaneous parol war- Defendants were permitted, against plaintiffs' ranty. objection, to give evidence tending to prove that the agent of plaintiffs, who conducted the negotiations for them, gave a verbal warranty of the quality of the goods, somewhat different in its terms and effect from the written warranty, and that this also was relied on by them when they made the purchase. This warranty, if given, was made at the same time that the writing was executed. This evidence should have been excluded. The case, in this respect, falls within the familiar rule that parol evidence is inadmissible to vary or alter the terms of a written contract. Counsel for appellees conceded that they could not rely on the parol warranty if the one in writing was proven; but they contended that, as they had pleaded it, and as there was an issue as to whether any warranty at all was given, they had the right to introduce the evidence with reference to it, and rely upon it in case the proof should be found to be insufficient to

establish the written warranty. This would be true if there had been any conflict in the evidence as to the written warranty. But there was none. The giving of the written warranty was proven without conflict. On this state of the case, the court should have taken from the jury all evidence as to the alleged parol warranty, and confined their consideration to the question whether there had been a failure of the warranty in writing.

II. The circuit court instructed the jury, in effect, that if the show-cards and labels were ordered with particular and exclu-

**2. CONTRACT: goods ordered for special purpose: purpose defeated: liability.** sive reference to the order for the cider, and it was so understood by the parties, and they were of no use or value except for advertising the cider, and there was a breach of the warranty of the cider, so that there could be no recovery for it, plaintiffs were not entitled to recover for them. We think the court erred in giving this instruction. Plaintiffs did not undertake, as part of the contract for the sale of the cider, to furnish the cards and labels. But defendants, when they sent the order for the cider, requested them to procure them for their own use, and they expressly promised to pay plaintiffs whatever expense they might incur in procuring them. The transaction was not a sale by plaintiffs of the cards and labels to defendants; but, at defendant's request, they procured them to be printed, and sent them to them. The cost of the printing was an expense incurred by them at defendants' request, and upon there promise to reimburse them therefor. There can be no doubt but defendants are liable to them for the amount so expended. It may be that defendants are entitled to set off the amount of this expense as an item of damages sustained by them in consequence of the failure of the warranty of the cider. But we do not determine that question, for the reason that the claim was not pleaded as a counter-claim. Defendants pleaded the facts merely as a defense to that item of plaintiffs' account; but they do not constitute a defense to it.

III. After defendants received the cider, they sold a cask of it, and on the trial they were permitted to prove the statements of the vendee as to its quality and condition. The evidence was hearsay, and should have been excluded.

*3. EVIDENCE: warranty: hearsay as to quality of goods.*

IV. A member of the defendants' firm who was examined as a witness on the trial was asked the following question: "Under your contract with this Barrett [plaintiffs' agent, who conducted the negotiation] that was here, where was the cider to be delivered?" This question was objectionable on the ground that it asked for the conclusion or opinion of the witness as to the effect of the contract; but plaintiffs sustained no prejudice by it, for the witness in his answer stated the terms of the contract as he claimed they were.

*4. ——: conclusion asked for: facts given.*

Other errors were argued by counsel, but we have considered the material questions in the case, and they do not demand attention.

REVERSED.