### RUSSELL & COMPANY v. MURDOCK et al.

1. **Promissory Notes**: MADE ON SUNDAY: RATIFICATION BY PARTIAL PAYMENT. Promissory notes executed on Sunday are void, but they are ratified, and thus made valid, by partial payment on a secular day. (Compare *Harrison v. Colton*, 31 Iowa, 16.)

2. **The Same**: RATIFICATION BY PARTNER: ESTOPPEL. Where the notes in such case are executed by two persons as partners, ratification by one will bind both; and the other, having alleged that she was a partner, cannot afterwards be heard to deny it in order to avoid the effect of the ratification.

3. ———: RATIFICATION BY ONE JOINT MAKER. Partial payment by one joint maker of such notes is a ratification for other joint makers, and makes the notes valid as to them.

4. ———: RATIFICATION OF MORTGAGE. The ratification of such notes by partial payment is also a ratification of the mortgage, executed at the same time, to secure the notes.

5. **Sale of Machine**: WARRANTY: FAILURE TO COMPLY WITH CONDITIONS. Defendant purchased a machine of plaintiffs upon a warranty, but the contract provided that if it failed to fill the warranty within ten days of first use, written notice should be given to plaintiffs, and that they should have reasonable time to remedy the defects, and that continued use of the machine after the time named should be conclusive evidence that the warranty was fulfilled. Defendants gave no notice of defects within the prescribed time, but continued the use of the machine. *Held* that they could recover no damages upon an alleged breach of the warranty. (See opinion for citations.)

6. ———: CONDITIONED UPON VOID SETTLEMENT: RATIFICATION. Plaintiffs sold defendants a machine, for which the latter agreed to give their notes secured by a chattel mortgage, and it was provided that the title should not pass until settlement should be concluded and accepted. The notes and mortgage were made on Sunday, but they were afterwards ratified on a secular day. *Held* that by their ratification they became valid, and were then the settlement contemplated, and thereupon the title passed to the defendants.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

FILED, JANUARY 25, 1890.

ACTION in chancery to foreclose a chattel mortgage. There was a decree rendering judgment against two of the three defendants, but no foreclosure of the mortgage. Both parties appeal, the plaintiffs first.

*Albert E. Clarke* and *G. H. Shellenberger*, for appellants.

*J. W. Cory*, for appellees.

BECK, J.—I.  The mortgage sought to be foreclosed was executed to secure certain promissory notes made by defendants in consideration of a separator and attachments and a traction steam-engine, purchased by defendants from plaintiffs. The terms and conditions of the contract of purchase are expressed in an order for the property given by defendants, and addressed to plaintiffs. Among other conditions, the order contained the following:  (1) The defendants agreed to execute, in security of the purchase money, a chattel mortgage upon certain specified personal property.  (2) It was stipulated "that title to the goods shall not pass until settlement is concluded and accepted by Russell & Company."  (3) Other conditions are in the following language:  "*Fourth.* The above articles are warranted to be of good material, well made, and, with proper management, capable of doing as good work as similar articles of other manufactures. If said machinery, or any part thereof, shall fail to fill this warranty within ten days of first use, written notice shall be given to Russell & Company, Massillon, Ohio, and to the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machinery and remedy any defects. If the defective machinery cannot then be made to fill the warranty, it may be returned by the undersigned to the place where received, and another furnished on the same terms of warranty, or money and notes, to the amount represented by the defective machine, shall be returned, and no further

claim made on Russell & Company. ' Continued posses-
sion or use of the machine after the time named above
shall be conclusive evidence that the warranty has been
fulfilled to the satisfaction of the undersigned, who
agree thereafter to make no further claim on Russell &
Company under warranty.   In case any casting fails
through defect in its material during the first season,
such defective piece shall be replaced without charge,
except freight or express charges; but, on any claim for
replacement of defective castings, the defective pieces
shall be returned to Russell & Company, or to the
dealer through whom the machinery was ordered, and
shall clearly show the defects.   Defects or failure of one
part shall not condemn or be grounds for claiming
renewal or for the return of any other part.   It is
expressly agreed that this warranty shall not include
levers, nor will any be replaced on account of breakage.
All warranties to be invalid and void in case the machine
is not settled for when delivered, or if this warranty
is changed, whether by erasure, addition or waiver."

II.   It is shown by the evidence that the machinery
was delivered to defendants upon this order on the
nineteenth day of July, 1884, and that upon the next
day, which was Sunday, the notes and mortgage in suit
were executed.   The evidence tends to show that the
machinery did not comply with the warranty, but we
find it unnecessary to find the facts upon this point, for
reasons which will hereafter appear.   The defendants,
while claiming that the machinery did not comply with
the warranty, did not return or offer to return it until
the sixth day of January, 1888, more than two years
after this action was commenced, and did not give
written notice of failure of the machinery to comply
with the warranty "within ten days of first use," as
provided for by the conditions of the order set out
above.   They continued in possession and use of the
machinery until long after suit was brought.   The
defendants, or one of them, acting for the other, made
payments upon the notes before suit was commenced.
The defendant, A. E. Murdock, is the wife of her

co-defendant, J. H. Murdock. The defendants, in a certain notice, set out in the separate answers, describe themselves as constituting a co-partnership.

III. A contract entered into on Sunday is void. But, if the parties enforce or perform it on a secular day, they will be regarded as ratifying it, and will be estopped from denying its validity. It will be regarded as valid from the day of its ratification. The ratification takes the place of the execution, and the contract becomes valid by reason of the ratification. Payment upon a Sunday note is a ratification. If it be not so held, this result would follow: The payee would receive and hold money paid him without consideration. But by the act of payment the maker recognizes the note as valid, and assumes to perform its obligations. It becomes a valid obligation from that day, and is no longer void because it is a Sunday note. See *Harrison v. Colton*, 31 Iowa, 16.

1. PROMISSORY notes: made on Sunday: ratification by partial payment.

IV. It is insisted that A. E. Murdock, the wife of J. H. Murdock, did not ratify the Sunday contract. It is claimed that she was not a partner of the other defendants, and therefore their act of payment upon the notes did not bind her as a ratification of the contract. But, as she shows in her answer that she is a partner of her co-defendants, she will not now be permitted to deny it.

2. THE same: ratification by partner: estoppel.

V. But, if she be not a partner of the other defendants, she jointly with them entered into the contract for the purchase of the machinery, and she jointly executed with them the notes and mortgages. The payments were made upon the joint contracts, and she received the benefit thereof by the discharge and satisfaction of the debt to the extent of the payment. The payments will be presumed to have been made with her approbation, as they operate for her benefit, discharging the debt *pro tanto*, and therefore satisfying the claim based upon the original contract of purchase, on which she is liable if the notes and mortgage are held void as Sunday contracts.

3. ——: ratification by one joint maker

VI.   The payment of a part of the debt, whether the payment was made and applied upon the notes or mortgage, is a ratification of both instruments.   Both are but incidents of the debt, and the satisfaction of the debt will discharge both.   So payment upon the debt will discharge *pro tanto* both instruments, and therefore operate as a ratification for both.

*4. ——: ratification of mortgage.*

VII.   Defendants, on a counter-claim, seek to recover damages for the breach of warranty of the machinery found in their order.   They did not give notice of the failure of the machinery to fill the warranty within the time prescribed in the contract, and continued its possession and use after the term for its return prescribed in the contract of the parties.   This, by the terms of the contract, operates as conclusive evidence of the fulfillment of the warranty to the satisfaction of the defendants.   This condition cannot be disregarded, but must be enforced.   Under it the defendants can set up no claim for a breach of the warranty.   *Bayliss v. Hennessey*, 54 Iowa, 11; *Wendall v. Osborne*, 63 Iowa, 100; *Upton Manuf. Co. v. Huiske*, 69 Iowa, 557.

*5. Sale of machine: warranty: failure to comply with conditions.*

VIII.   A condition of the order above set out is to the effect that the title to the machinery shall not pass "until a settlement is concluded and accepted by defendant."   We understand that the settlement contemplated pertains to the transaction upon the order, and the giving of notes and mortgage for the purchase money. Counsel for defendants insist that, as the notes and mortgage were illegal because they were contracts made on Sunday, there was no "settlement" for the machinery, and title thereof remained in plaintiffs, and their only remedy is to recover the property, and they therefore cannot maintain this action to recover its price.   The ready answer to this position is that, by the ratification of the Sunday contracts, they became valid, and were then the settlement contemplated, and thereupon the title of the property passed to defendants.

*6. ——: conditioned upon void settlement: ratification.*

IX. It is argued that the ratification of the notes and mortgage in effect ratified the settlement. This is doubtless correct. From this position counsel argue that defendants' claim for damages, on the ground of the breach of warranty, must be sustained. We fail to see any force in the argument. The warranty does not arise upon the notes and mortgage, the contracts ratified, but upon the order, the original contract of purchase. It was not a Sunday contract, and its validity was not affected by any other cause. It did not need ratification, and in fact was not ratified, but from the first was valid. As we have pointed out, defendants cannot recover damages because of the failure of the machinery to comply with the warranty, for the reason that they did not give the notice in the time prescribed in the contract, and retained possession of the property after it should have been returned under the terms of the contract.

X. It is our conclusion that plaintiffs ought to recover against all the defendants upon the notes, that the mortgages in suit ought to be foreclosed, and that defendant cannot recover upon their counter-claims or cross-petition. The cause will be remanded to the court below for a decree in accord with these conclusions, or, at the plaintiffs' election, such a decree will be entered in this court. MODIFIED AND AFFIRMED.