A. R. WESTBROOK, Appellee, v. REEVES & COMPANY, Appellant.

**Sales:** WARRANTY: NOTICE OF DEFECTS: WAIVER. A warranty upon 1 which machinery is sold may provide that the warrantee shall

notify the seller at its home office by registered letter of any defects in the machinery before he may recover for such defects, but this requirement is waived by the receipt of an unregistered notice by defendant's manager at another place, who responds by sending men to make the repairs.

**Instructions:** HARMLESS ERROR. Error in instructing as to the presumption of the receipt of a mailed letter is harmless where it appears the letter was received and acted upon.

**Sales:** BREACH OF WARRANTY: RECOVERY BY BUYER. Plaintiff purchased a threshing machine outfit consisting of several distinct parts, with a separate price for each, under a warranty providing that defects in one part should not affect the others, and if after opportunity to remedy a defective part it could not be made to comply with the warranty it might be returned with the option to defendant of replacing it or giving plaintiff credit on settlement for the same; the warranty also waived all claim for damages because of failure of the machines to work. Held, that the contract made rescission or a return of the defective part plaintiff's only remedy for breach of the warranty; that it was divisible; and that a return of the entire outfit with demand for a return of the purchase price was not a rescission of the contract authorizing recovery for the breach, but that plaintiff should have returned the defective part giving to defendant the right to replace it or to credit him with the price.

**Appeal:** REVIEW OF PROCEEDINGS. Where a cause is tried on the erroneous theory that defendant had waived his right to insist on compliance with the terms of a warranty, the question of whether certain matters constituted a waiver will not be considered for the purpose of supporting a judgment for plaintiff.

*Appeal from Wright District Court.*— HON. W. D. EVANS, Judge.

TUESDAY, MARCH 12, 1907.

ACTION for breach of warranty, and to recover the purchase price of a threshing outfit consisting of an engine, separator, and necessary attachments. Trial to a jury, verdict for plaintiff in the sum of $669.59, and defendant appeals.— *Reversed.*

*Nagle & Nagle* and *Carr, Hewitt, Parker & Wright,* for appellant.

*Kenyon & O'Connor* and *J. W. McGrath,* for appellee.

DEEMER, J.— On or about August 10, 1903, plaintiff purchased of defendant a threshing outfit consisting of an engine, separator, band cutter, weigher, stacker, etc., for the agreed price in the aggregate of $3,371.50. The order called for certain machinery, naming it and fixed a price on each article, that is to say, the engine was valued at $2,115.60, the separator at $645, the band cutter at $210, the stacker at $250, and other items at smaller amounts. The purchase price was represented by an old threshing outfit taken in exchange at the agreed price of $1,575, and by notes in various amounts maturing during the years 1903, 1904, 1905, and 1906, making an aggregate of $3,371.50. Plaintiff, according to agreement, paid $160 freight upon the property, which was shipped from Des Moines to Ceylon, Minn. The notes for the purchase price were secured by mortgage upon the machinery running to defendant. The machinery was sold under the following warranty:

The machinery order herewith is warranted by Reeves & Co. to be well-made, of good material, and with proper use and management to do as good work as any other machine of the same size manufactured for a like purpose; but if inside of six days from the day of its first use the said machinery fails to fill said warranty, written notice shall be given Reeves & Co. by registered letter, and also written notice to the local agent from whom the same was purchased, stating wherein it fails to fill the warranty, and if it be of such a nature that remedy cannot be suggested by letter, a reasonable time shall be allowed to get to the machinery to remedy the defects, if any there be, and an opportunity offered for a trial thereafter, the purchaser rendering necessary and friendly assistance. Defects or failure in one part shall not condemn any other part or attached mechine, and if after a fair opportunity to remedy a defect the part or parts containing such cannot be made to fill the warranty, that part which fails shall be returned immediately by the undersigned to the place where it was received, with the op-

tion in the company to furnish another machine or part in place of the machine or part so returned, or credit the settlement with the same. If Reeves & Co. shall furnish another machine or part in place of the one returned, the terms of this warranty shall be held to have been fulfilled, and the company shall be subject to no further liability under this order. It is hereby expressly agreed that all claims for damages against Reeves & Co. by reason of the nonperformance of the machinery above, are hereby waived. It is mutually agreed that the failure by the purchaser to give said written notice of defects, as above provided, within six days from the day of its first use, or to return the said machinery or part to the place whence it was received, within six days from the day of its first use, shall be conclusive evidence of the fulfillment of the warranty and full satisfaction of the undersigned who agrees to make no claim thereafter against Reeves & Co., or to make any defense to the notes given therefor, on account of any breach of warranty. It is also expressly agreed that if at any time after the expiration of the six days from the date of its first use, Reeves & Co. should furnish to the undersigned any improvements or attachments for said machinery or replace any old part with new, or should the undersigned notify Reeves & Co. in any wise whatever, of any imperfections in said machinery, and if upon receipt of such notice Reeves & Co., or any agent or employé should act thereon and remedy, or attempt to remedy such imperfections, the so doing of all such acts will not extend the liability of Reeves & Co. under this warranty beyond the expiration of the six days from the date of its first use. . . . It is also agreed and understood that no agent or employé of Reeves & Co. (officers of the company not included) is authorized to alter, change, modify, or waive this warranty, or any part thereof, or to make any other or different warranty; or any notice to any agent or employé of Reeves & Co., or any act at any time of any agent or employé, shall not constitute a waiver of the written notices herein provided for, nor a waiver of any other stipulation of this warranty. By the title or name Reeves & Co. in this warranty it is understood to mean Reeves & Co. of Columbus, Ind., only.

Upon arrival of the machinery at Ceylon plaintiff took it to a farm and within two days after its receipt started the

engine and separator and operated it for one day. Some days thereafter and on or about September 9, 1903, the machine was removed to another farm, reset and operated for four and one-half days. There were then three other moves and threshing done for as many more people, for one, three and one-half days, for another, one-half day, and for another three and one-half days. Plaintiff claims that he discovered defects in both the engine and the separator during the first day of its operation, and that he immediately wrote defendant both at its home office and at Des Moines of these defects. There is no showing aside from a presumption that the letter addressed to the home office was ever received. Defendant's manager at Des Moines admits that he received at letter from plaintiff under date of August 28, 1903, wherein he, plaintiff, complained of defects in the engine. In answer to this Fleming wrote that these defects would probably cure themselves after use, and requested plaintiff in the event the engine did not work properly to notify him. Plaintiff did not use the machinery after the receipt of this letter until September 22d, and on that day or the next he wired the manager at Des Moines saying that the machine would not work and to send an expert. The manager responded saying their experts were out of town, and that one of their very best men would be sent Monday. He further said: " We can not only make your machine work, but will also stop leaks in boiler."

Pursuant to promise, an expert was sent to remedy the defects in the machine, and this expert put in one and one-half days upon it. There is a dispute in the testimony as to the results of his efforts, but a jury was authorized to find that he did not and could not remedy the defects. Plaintiff also claims that at this time the expert, one Lenhart by name, agreed to take the machine with a crew, and without expense demonstrate that the machinery would work properly. Plaintiff wrote the manager at Des Moines of his arrangement, and in response thereto the manager denied

the authority of Lenhart to make any such agreement, but asked plaintiff to notify him when he, plaintiff, was to thresh again, saying that he would arrange to go up when he started the machine. On October 16th plaintiff wrote, notifying the manager as to when he would use the machine, and on the 20th of that month the manager responded that it would be impossible for him to go, but that he had wired one Mason, who was a general salesman, adjuster, and collection agent of the company, to be there. Mason appeared and attempted to remedy the defect, but a jury was authorized to find that he did not succeed. Mason, however, requested plaintiff to continue the use of the machinery, to do the best he could with it, and promised that "they would see the machine was made to work, and that if they did not do so they would take it off his, plaintiff's hands, and he could pull it to the place where he got it." Thereafter and about November 11th, plaintiff received a letter notifying him of the maturity of some of his notes. To this plaintiff responded on the 12th saying that the machine had proved a failure, that he would turn the machine over, and that he demanded the return of his notes and property. The machinery was returned to the place of delivery, as we understand it, and defendant thereafter took and sold it under its chattel mortgage, realizing enough to reduce plaintiff's net indebtedness on the notes to something like $493.

The trial court withdrew from the consideration of the jury all defects in any of the machinery save the engine and separator, and the jury found plaintiff was not entitled to recover for defects in the separator. As to the engine there was testimony that the boiler leaked badly, that it was hard to get up steam, was not of the capacity it should have been, that the engine was weak, would not start readily, and that the jacket was burned off. Plaintiff also introduced testimony to show that the engine was worthless. The jury found especially that the engine was defective, and it allowed plaintiff $1,163.25 on account of

defects therein.    The verdict was for this amount less the sum due on plaintiff's notes after deducting the amount realized on foreclosure sale.

Many points are relied upon for a reversal, to some of which we shall give attention.    Save for the purpose of determining one or two questions, we may eliminate all testimony as to defects in any of the machinery save the engine, as that was the only matter upon which the jury found for plaintiff.    It is, of course, fundamental that a warranty may be upon conditions, and that it may also prescribe remedies for its breach and require the performance of obligations upon the part of the warrantee before he will be entitled to recover for failure of performance.    *Bomberger v. Griener,* 18 Iowa, 477; *Nichols v. Wyman,* 71 Iowa, 160; *Russell v. Murdock,* 79 Iowa, 101; *McCormick Co. v. Brower,* 88 Iowa, 607; *Massilon Co. v. Shirmer,* 122 Iowa, 699; *Zimmerman v. Robinson,* 118 Iowa, 117; *Larson v. Thresher Co.,* 92 Minn. 62 (99 N. W. 623); *Berkey v. Lefebure,* 125 Iowa, 76.    Now, there were several conditions attached to the warranty before us:    First, within six days from the first use of the machinery, written notice by registered letter was to be given the company and also written notice to the local agent from whom the same was purchased, stating wherein it failed to comply with the warranty; second, defects or failures in one part were not to affect any other part, and if, after fair opportunity to remedy the defect, it could not be made to fill the warranty, the part which failed to work was to be returned to the place where received with the option in the seller to furnish another machine or part in place of the defective one, or to give credit on settlement for the same; third, it was also agreed that all claims for damages against the company for nonperformance of machinery were waived, and that if the buyer failed to return the machinery or part as agreed, within

1. SALES: warranty: notice of defects: waiver.

six days from its first use, the warranty should be treated as fulfilled. Limitations were also placed upon the authority of agents and employés as will be noticed by reference to the contract.

There is no doubt that plaintiff did not give any no-tices by registered letter; but defendant through its man-ager at Des Moines received a letter with reference to de-fects in the engine, and responded thereto by sending men who undertook to make repairs thereof. Under the rule an-nounced in *Natl. Bank v. Dutcher,* 128 Iowa, 413, the no-tice was sufficient although not sent to the company at its home office and notwithstanding it was not registered.

In this connection we may well dispose of an alleged error in the instructions with reference to the letters claimed to have been sent to Des Moines and to the company at its home office. These instructions relate to the presumption of the receipt by an addressee arising from the addressing, stamping, and mailing of a letter. Assuming that these instructions were erroneous because the letters were not registered as required by the contract, the error was without prejudice because of the fact that defendant, through its agents, received one of the letters and acted thereon.

2. INSTRUCTIONS: harmless error.

II. The petition in the case is long and pleads the facts at length. It is not divided into counts, but on the face of it states a cause of action for breach of warranty and also a claim for recovery as upon rescis-sion of the contract. No attack was made. upon the petition, and if there be sufficient testimony to support the verdict, and there be nothing in the law to the contrary, recovery may be had upon either theory. But defendant insists that there can be no recovery of dam-ages under the contract on the theory of breach of war-ranty, for the reason that the remedy provided by the con-tract was rescission; that plaintiff expressly waived all dam-ages for breach of contract; and that there was no proper

3. SALES: breach of warranty; recovery by buyer.

rescission in any event, because the contract was divisible, and whether divisible or not plaintiff agreed to return the defective part, giving defendant the option to replace or to deduct the value thereof on settlement. *Barrett v. Wheeler,* 71 Iowa, 663. There is no claim of any defect save in the engine — at least no other defects can be relied upon in this case — but plaintiff instead of returning the engine that defendant might exercise its option to furnish another or to give credit therefor upon settlement returned all the property, and defendant had no opportunity to exercise its election but was forced either to accept it all or to decline all; and this notwithstanding the express provision of the warranty that defects or failure in one part should not condemn any other part. At no time did plaintiff comply with the terms of the contract, and had defendant accepted the return of the machinery it would have been required, against the plain provisions of its engagement, to have supplied a new outfit or given credit for the entire purchase price, and to return to plaintiff all that it received from him. Indeed, under the terms of the offer to return defendant was given no right of election to supply a new outfit. It had no alternative except to return the notes received from plaintiff and the old machinery received in exchange. The remedy which plaintiff had under the contract of warranty was to return the defective machine or part and to receive a new one or credit for the same upon settlement at defendant's option. Defendant could not be put in default unless plaintiff made or offered to make this return. He could not return the entire outfit for breach of warranty as to a part and force defendant to an election to make it all good or to credit the purchase price. Moreover, the plaintiff did not even offer to defendant the right to supply a new outfit. The tender and return were upon one condition, and no election was given to defendant. The property was turned over, the plaintiff demanded the return of his notes and property. Plaintiff made the election

for himself, and that was the return of his notes and property. This defendant was not bound to comply with. *Pitts v. Spitznogle,* 54 Iowa, 36; *Davis v. Robinson,* 67 Iowa, 362; *Nichols v. Wyman,* 71 Iowa, 160; *Russell v. Murdock,* 79 Iowa, 101.

The contract makes rescission, or return of the defective machinery, the exclusive remedy for breach of warranty, and plaintiff had no right to return the entire outfit and demand the surrender of his notes and property. *Aultman v. Lawson,* 100 Iowa, 569; *Fahey v. Esterley Co.,* 3 N. D. 220 (55 N. W. 580, 44 Am. St. Rep. 554). It is well settled that one who is entitled to rescission of part of a divisible contract cannot rescind as to the whole. See cases hitherto cited, and *Nichols & Shepard Co. v. Chase,* 103 Wis. 570 (79 N. W. 772). That the contract in suit is divisible, or that the parties made it divisible in so far as the warranty is concerned, is very clear. See *Nichols v. Weidman,* 72 Minn. 344 (75 N. W. 208, 76 N. W. 41); Aultman v. Lawson, *supra; Young v. Wakefield,* 121 Mass. 91; *Barrett v. Wheeler,* 71 Iowa, 663.

Moreover, the contract expressly provides that " all claims for damages by reason of nonperformance of machinery are waived." This may relate to either consequential damages growing out of a breach of warranty

**4. APPEAL: review of proceedings.**

or to direct and proximate damages for the breach; but in either event it indicates that the remedy by rescission was regarded ' by the parties as the exclusive one. Plaintiff evidently placed this construction upon it for he returned the machine and demanded return of his notes and property. Plaintiff's counsel claim in argument that this matter was waived by defendant's agent, Mason, who, it is said, stated to plaintiff that they would make the machine work, or they would take it off his hands, and that he could return it to the place where he got it. The difficulty with this is that the case was not submitted upon this theory. On the contrary, the court not

only gave no instructions relating to this matter of rescission, covering the views which we have expressed; but it denied a motion for a verdict made by defendant, which in general terms was based upon the propositions of law we have announced herein. We have no occasion, therefore, to determine whether or not there was a waiver of the conditions of the warranty due to this statement of Mason's, or to defendant's statement that there were no defects in the machinery. The case was not presented upon a proper theory, and if it had been there is no telling what the verdict might have been. See, as sustaining our conclusions, *Kirk v. Seely,* 63 Mo. App. 262; *McCormick v. McNicholas,* 66 Minn. 384 (69 N. W. 36); *Avery Co. v. Peck,* 86 Minn. 40 (89 N. W. 1123); *Park v. Richardson,* 81 Wis. 399 (51 N. W. 572); *Abraham v. Browder,* 114 Ala. 287 (21 South. 818).

We are not to·be understood as holding that the statements of Mason or of the defendant itself in its letter to plaintiff constituted a waiver of the provisions of the contract. That question is not now before us. But see *Wendall v. Osborne,* 63 Iowa, 101; *Thresher Co. v. Shirmer,* 122 Iowa, 703. As plaintiff did not, in his return or offer to return, give or offer to give defendant the option provided for in its contract, and did not comply with the terms thereof on his part, he is in no position to sue for damages for breach of warranty until defendant was in some manner in default in the matter of rescission; unless defendant waived its right to insist upon its option to replace the defective machinery. This theory was not presented to the jury, and in this respect the trial court was in error. It also committed affirmative error in instructing that recovery might be had notwithstanding plaintiff did not comply with his contract as to the return of the defective machinery, and although he made a demand for all his notes and property given for the machine without reference to any waiver on the part of the defendant. In this there was error for

which there must be reversal. The case in one aspect is clearly ruled by *Pitts v. Spitznogle*, 54 Iowa, 36. *Robinson v. Berkey*, 111 Iowa, 557, relied upon by appellee is not controlling.

It appears from the record in the instant case that when Mason visited plaintiff and attempted to remedy the defect in the machinery, he received a signed statement from plaintiff that the machinery was working in a satisfactory manner while he, Mason, was there, and that if it continued for a few days he thought it would be O. K. On November 11th, a little over a month after this, defendant wrote plaintiff, calling his attention to this statement, and stating that if there is anything wrong with the machinery due to fault of workmanship or material, they were willing to make it right; but suggesting that the machinery had met the guaranty, and that they had done their part in the matter and trusted that plaintiff would see the matter in that light. To this plaintiff responded saying that the machine was a total failure, and that he would turn the machine over, and demanding the return of his notes and property. These facts distinguish the case from the one relied upon by appellee's counsel.

For the errors pointed out, the judgment must be, and it is, *reversed*.