NORTHWEST THRESHER CO. v. MEHLHOFF et al.

Plaintiff sold defendants a threshing outfit, a price being fixed for each article, with provision that breach of warranty as to one part should not affect the binding effect of the contract as to the other parts, that defendants should have a certain time to try the machine, that if it did not work properly during such trial period they should give plaintiff notice, and that, on plaintiff sending an expert to assist in getting it to work, it should be given a two days' trial, and whatever parts of the machinery were not as warranted defendants should then return to plaintiff, with notice, and plaintiff might then furnish another part, or require defendants to return the other parts, and then furnish other machinery in its place, or refund the cash and notes received therefor, the furnishing of another machine or part to be a complete fulfillment of the warranty, and the use of the machine after the second trial of two days to be conclusive that it was as warranted. **Held,** that defendants, after the second or two days' trial, not having notified plaintiff of a defect in any part, and given plaintiff a chance to replace defective parts, but having continued to use the machine, and subsequently returned the whole outfit, though part at least of it was all right, the attempted rescission was ineffectual, not only because of the delay, but because they had a right to return only the defective parts.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Action by the Northwest Thresher Company against John Mehlhoff and others. From a judgment for defendants and from

an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

*Bates & Parliman,* for appellant. *C. H. Barron* and *John H. Perry,* for respondents.

WHITING, J. This action was brought in the circuit court by the plaintiff and appellant, manufacturers of threshing machines, against the defendants and respondents, purchasers of a threshing outfit, to recover on two of three notes given to plaintiff by defendants; the third note not being due at the time of suit. The complaint was in ordinary form of complaint to recover on notes. The answer admitted the execution, delivery, and nonpayment of the notes, and then alleges that such notes were given in part payment of threshing rig, and alleges an express warranty as to such rig, that there was a breach of such warranty, that such threshing rig was of no value, that by reason thereof defendants returned the rig to plaintiff ,and that the consideration for the notes had wholly failed. Verdict was for the defendants, and, motion for new trial being denied, the plaintiff appealed to this court from an order denying new trial, and from the judgment entered on the verdict.

There are numerous assignments of error in the record, but, under the view we take of the case, it is unnecessary to note them in detail. It will be noted that there was no counterclaim of damages for breach of warranty, that the defenses were plea of rescission on account of breach of warranty, and plea of failure of consideration. Under the instructions of the court, the case seems to have been submitted to the jury upon the propositions of whether there had been a rescission by the defendants, and whether they had complied with all of the conditions of the contract necessary to entitle them to rescind. The threshing outfit was sold under an order or contract in form similar in many respects to those that have been before this and other courts frequently, wherein it is provided that the purchaser shall have a certain number of days within which to try the machine; that, if said machine is kept after such period without notice of defects, it is a waiver of any breach of warranty; that, in case machine does not work properly during such

trial period, then the purchaser shall give a certain notice to the seller. The order involved in this case also provided that, if notice was given of defect of machine or its working and an expert was sent to assist in getting the machine to work, the machine shall be given "a fair trial of two days, and whatever part of said machinery is not as warranted or represented he (purchaser) shall then return such part to where he got it, giving the company immediate written notice at Stillwater, Minn., of such return, and the Northwest Thresher Co. may either furnish another part, or may require the return by the purchaser of the remainder of such machinery, and then furnish other machinery in its place or refund cash and notes it received for the same, thereby rescinding the contract pro tanto or in whole as the case may be, and thereby releasing the company from any further liability whatever herein; the furnishing another machine or part shall be construed to be a complete fulfillment of this warranty." The order provided, also, that the use of the machine after the "second trial of two days" should be conclusive evidence that the same was as warranted. From the evidence it appears that the machine did not work properly when first tried. Question is raised by appellant as to whether or not proper or any notice was ever given it of such failure as required by the order; but, while the order in this case is in many respects different from that in Peters et al. v. Plano Mfg. Co., 21 S. D. 198, 110 N. W. 783, and therefore what was held in that case as regards notice other than that provided for in the contract would have little if any application to the facts in this case, yet, for the purposes of this appeal, we will presume that sufficient notice of defects in working of the threshing rig was received by the plaintiff, and that it sent a man to assist in trying to get the machine to work properly. This occurred if at all in the early part of September. The evidence shows that after that the rig failed to do satisfactory work, but there is no evidence to show that after a two days' trial or at any later period the defendants ever notified the plaintiff of a defect in any part of the machine. There is evidence to show that about October 13th a local agent of the plaintiff notified it in a general way that the machine did not work right, but nothing to show that attention was called to which part

of the machine seemed to be defective. The defendants, apparently believing the trouble was mainly with the horse power bought as the motive power for the rig, changed the separator so as to use, and did use, an engine to run the rig. But still the rig did not work properly, and the defendants finally hauled the rig to the town where they got it, and left it with the local agent. They, however, never notified the plaintiff of any delivery of the rig or intent to rescind contract, neither did the local agent send any such notice. The local agent called as witness by defendant claims that on the same day the rig was returned a collector in plaintiff's employ called on him, and that the collector wrote out a full report to the plaintiff in regard to the return of his rig, but such agent did not know that such report was ever mailed to the plaintiff. Plaintiff's testimony is to the effect that it never received any written notice from any one of the return of such rig.

Plaintiff moved for directed verdict when defendants rested their case and also when all the evidence was in, and it has properly preserved the record on the error, if any, in the trial court's failure to so direct verdict. We are of the opinion that the court should have directed a verdict as asked. The provisions of the order in question were valid and binding on both parties, and, as long as purchasers will sign these orders, they must abide by them. The right to be notified of the defects in this machinery after the "second" or "two days" trial was a very material right so far as plaintiff was concerned. Defendants had no right whatever at that time to rescind the sale, but were bound to return the defective rig or parts thereof to place where they got it, to notify the plaintiff of such return, and then the plaintiff could elect to return the notes or replace defective machines with others. The contract or order in this case was divisible in its nature. Each separate part of the threshing rig had a price fixed thereon; the items for the several parts going to make up the total consideration for the rig. The order provided that any breach of warranty as to one part should in no manner affect the binding effect of the order as to the other parts of the rig, and that, in case part of the rig was defective, that part only could be returned except at the option of the plaintiff. The contract in this case in this respect was almost the

counterpart of that in the case of Westbrook v. Reeves & Co., 133 Iowa 655, 111 N. W. 11; and the facts are very similar, except that in the Iowa case the purchaser on return of machinery gave notice thereof and demanded return of notes, while in case at bar the defendants neither gave notice of return as required in order or made any demand for return of notes. What was said in the Iowa case well applies here, for the reason that in case at bar it stood admitted that at least one part of the rig was all right. The Iowa court said: "There is no claim of any defect save in the engine—at least no other defects can be relied upon in this case—but plaintiff, instead of returning the engine that defendant might exercise its option to furnish another or to give credit therefor upon settlement, returned all the property, and defendant had no opportunity to exercise its election, but was forced either to accept it all or to decline all; and this notwithstanding the express provision of the warranty that defects or failure in one part should not condemn any other part. At no time did plaintiff comply with the terms of the contract, and had defendant accepted the return of the machinery, it would have been required against the plain provisions of its engagement to have supplied a new outfit or given credit for the entire purchase price, and to return to plaintiff all that it received from him. Indeed, under the terms of the offer to return, defendant was given no right of election to supply a new outfit. It had no alternative except to return the notes received from plaintiff and the old machinery received in exchange. The remedy which plaintiff had under the contract of warranty was to return the defective machine or part and to receive a new one or credit for the same upon settlement at defendant's option. Defendant could not be put in default unless plaintiff made or offered to make this return. He could not return the entire outfit for breach of warranty as to a part and force defendant to an election to make it all good or to credit the purchase price. Moreover, the plaintiff did not even offer to defendant the right to supply a new outfit. The property was turned over, and plaintiff demanded the return of his notes and property. Plaintiff made the election for himself, and that was the return of his notes and property. This defendant was not bound to comply with. Pitts v. Spitznogle, 54

Iowa 36, 6 N. W. 71; Davis v. Robinson, 67 Iowa 362, 25 N. W. 280; Nichols v. Wyman, 71 Iowa 160, 32 N. W. 258; Russell v. Murdock, 79 Iowa 101, 44 N. W. 237. The contract makes rescission or return of the defective machinery, the exclusive remedy for breach of warranty, and plaintiff had no right to return the entire outfit, and demand the surrender of his notes and property. Aultman v. Lawson, 100 Iowa 569, 69 N. W. 865; Fahey v. Esterley Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554. It is well settled that one who is entitled to rescission of part of a divisible contract cannot rescind as to the whole. See cases hitherto cited, and Nichols & Shepard Co. v. Chace, 103 Wis. 570, 79 N .W. 772. That the contract in suit is divisible or that the parties make it divisible in so far as the warranty is concerned is very clear. See Nichols v. Wiedemann, 72 Minn. 344, 75 N. W. 408, 76 N. W. 41; Aultman v. Lawson, supra; Young v. Wakefield, 121 Mass. 91; Barrett v. Wheeler, 71 Iowa 663, 33 N. W. 230." It will thus be seen that, even had the defendants made the return of the property within proper time and given due notice thereof, before they could have demanded a return of the notes, they would have had to give plaintiff a chance to replace the defective parts and continue the transaction; and in this case where, long after the time provided for the testing of the rig, they had continued to use it without being led so to do by any act of the plaintiff, and where, after their right to return even the defective parts had expired, they attempted to return the whole rig without notice to the plaintiff, and therefore without any opportunity given the plaintiff to replace the defective parts—it must be held that the attempt to rescind failed and that under the evidence the plaintiff was entitled to a directed verdict for the amount due on the notes.

The judgment of the trial court and order denying a new trial are therefore reversed, and a new trial granted.