Mast & Co. v. Pearce & Cowan.

---

## MAST & Co. v. PEARCE & COWAN.

1. **Sale:** CONTRACT IN WRITING: PAROL WARRANTY. Where there is a written contract of sale complete in itself, which contains no warranty, and no fraud, accident or mistake is alleged, it is not competent for the purchaser, by allegation and proof, to show a parol warranty of the quality of the property. If the writing amounts to a contract of sale and contains no warranty, parol evidence is not admissible to add a warranty thereto.

2. **Instruction:** EXCEPTION: APPEAL: PRACTICE. An instruction, if erroneous, must be regarded as the law of the case for the guidance of the jury, and a verdict in conflict therewith cannot be sustained. In such case a party, who neither excepted to the instruction nor appealed, cannot be heard to complain of it.

| | |
|---|---|
| 58 | 579 |
| 79 | 290 |
| 58 | 579 |
| 87 | 541 |
| 58 | 579 |
| 127 | 468 |
| 127 | 469 |
| 58 | 579 |
| f138 | 374 |
| 138 | 375 |

*Appeal from Hardin Circuit Court.*

FRIDAY, JUNE 9.

ACTION upon two promissory notes. The defendants answered admitting the execution of the notes, and denied any indebtedness thereon, because the said notes were given for certain "Buckeye Cultivators" sold by plaintiff to defend-

ants under a waranty, and that, by reason of a breach of said waranty, defendants were damaged in a sum larger than the amount of said notes. There was a motion to make the answer more specific which motion was sustained. Thereupon the answer was amended. There was a demurrer to the amended answer which was sustained.

The defendants further amended their answer by alleging that said cultivators were sold by the plaintiffs to the defendants by contract in writing. That at the time of said sale, plaintiffs by their agent "orally warranted said cultivators to be well made, of good material, adapted to the purposes for which they were constructed, and in all respects to be sound and perfect and of merchantable value and quality." There were further averments showing a breach of said warranty.

The plaintiffs moved to strike from the answer the allegation of an oral warranty. The motion was overruled; exceptions were taken by the plaintiffs and they filed a reply to the answer admitting that the sale of the cultivators was by contract in writing, and denying the other allegations thereof.

There was a trial by jury and a verdict, and judgment for the defendants, for costs. Plaintiffs appeal.

*Porter & Moir* for appellants.

*Huff & Read* and *S. M. Weaver*, for appellees.

ROTHROCK, J.—The written contract of sale is complete in itself. It, in substance, recites a sale of the cultivators at certain prices, and to be paid for in a certain manner. It is signed by both parties, and, to be fully understood, does not require the aid of extrinsic evidence. It contains no warranty of any kind as to the quality of the cultivators. The principal question discussed by counsel is, whether or not, where there is a written contract of sale complete in itself, it is competent for the purchaser of the property, by allegation and proof, to show that there was a parol warranty of the quality of the property sold? It is urged by the appellees that the

appellants cannot make the question upon this appeal, because the plaintiffs pleaded over after the motion to strike the allegation of a parol warranty was overruled. But the plaintiffs were not required at their peril to stand on the ruling and allow judgment to go against them. They promptly objected to the evidence of the parol warranty and took their exceptions. They requested the court to instruct the jury that, as there was no warranty embodied in the written contract, a parol warranty could not be shown, and was not binding on the plaintiffs. The instructions were refused and proper exceptions were taken. In the motion for a new trial the plaintiffs distinctly made the point that the court erred in permitting defendants to prove a parol warranty, the contract being in writing, and erred in refusing to give the instructions asked, and for these reasons among others, they asked that the verdict be set aside. It is said by counsel for appellees that the assigments of error are not sufficiently specific. We think otherwise. So far as they relate to the question under discussion they could not well be made more definite and certain.

Having disposed of these questions of practice, we come to a consideration of the proposition above stated. In Benjamin on Sales, Sec. 621, it is said: "Where the written sale contains no warranty, or expresses the warranty that is given by the vendor, parol evidence is inadmissible to prove the existence of a warranty in the former case or to extend it in the latter by inference or implication." And, in Parsons on Contracts, Vol., 1, p. 589, the author says: "And where the contract of sale is in writing and contains no warranty, then parol evidence is not admissible to add a warranty." The learned authors cite a number of authorities in support of the rule. Such of these as we have examined fully sustain the proposition. Indeed, we feel quite sure no authority can be found holding a contrary doctrine. The rule rests upon the familiar principle that the writing is supposed to contain all the contract, and, that it cannot be added to or varied by parol evidence. It will be

*1. SALE: contract in writing : parol warranty.*

understood that there is no fraud, accident or mistake averred in the answer in this case, and that the written contract amounts to a contract of sale.    It is not an instrument merely intended as a receipt, or as an acknowledgment of the payment of the price or the like.    It seems that in such cases parol evidence is not admissible to show a warranty.    Parsons on Contracts, Vol. 1, p. 589.    We think the court should have excluded the evidence as to a parol warranty, and should have instructed the jury that the parties were bound by the terms of the written contract.    As the judgment must be reversed for the error above described, it is unnecessary to determine the other alleged errors.    They are not such as will likely arise upon a retrial.    Counsel for appellees claim that the abstract of appellants is not in compliance with the rules of this court in form and substance.    While it is true it might have been more condensed, yet we do not think there is such a departure from the rules as to justify us in imposing costs upon appellants.

REVERSED.

OPINION ON REHEARING.

BECK, J.—At a former term a rehearing was ordered in this cause and it has been again argued.

Counsel for defendants insist that the rule announced in the foregoing opinion, to the effect that the parol evidence of a warranty was erroneously admitted by the court below, is in conflict with authorities which they cite in support of their position.*    We have examined all of them and find but one, *Chapin et al. v. Dobson*, 78 N. Y., 64, which may

*Scott v. Sweet, 2 G. Greene, 224; Chapin v. Dobson, 78 N. Y., 74; Koop et al. v. Hand et al., 41 Barb., 454; Powlton Coal Co. v. McShain, 75 Pa. St., 238; Merriam v. Field, 24 Wis., 640; Hahn v. Doolittle, 18 Wis., 196; Lewis v. Seaburry, 74 N. Y., 410; Chalfant v. Williams, 35 Pa. St., 212; Miller v. Fletcher, 31 Pa. St., 252; Unger et al. v. Jacobs, 7 Hun., 220; Herman v. Oxley, 22 Wis., 519; Pearson & Brent v. The Bank of Metropolis, 1 Pet., 89; Baker v. Prentiss, 6 Mass., 430; Davenport v. Mason, 16 Mass., 82; Christ v. Diffenback, 1 S. & R., 464; Stoops v. Smith, 100 Mass., 63.

fairly be claimed to recognize the doctrine contended for by counsel. Prior New York decisions are in harmony with the rule we adopt. See *Ostrander et al. v. Reed*, 1. Wend., 424. *Munford et al. v. McPherson et al.*, 1 Johns., 414.

*Scott v. Sweet et al.*, 2 G. Greene, 224, is relied upon by defendants' counsel. It is held therein that in an action upon a promissory note, it is competent to show as a defense that the note was given under a parol contract for the right to make fanning mills, which plaintiff warranted to do good business. The court rightly held the evidence competent to show a failure of consideration of the note. But it is remarked in the opinion that "if the contract was shown to be in writing, we think it was competent for defendants to show by parol evidence that the plaintiff independently of the written transfer, had warranted the mill to work well," etc. The fact upon which this observation is based was not in the case, for, as we have before stated, the contract, the breach of which was set up in the answer, rested in parol. It was not necessary for the decision of the case to announce the doctrine of the quotation which, therefore, must be regarded as *dictum*.

An examination of the other cases, cited by defendants' counsel, reveals the fact to be that they are not applicable to the question under consideration.

In support of our decision in the case, see authorities cited by Parsons & Benjamin in the pages referred to in the foregoing opinion. See, also, *Jolliff et al. v. Collins et al.*, 20 Mo., 338; *Reed v. Wood*, 9 Vt., 285; *Lamb v. Croffs*, 12 Met., 353. See, as bearing upon this point, *Shepherd v. Gilroy et al.*, 46 Iowa, 193.

II. The defendants in their answer not only relied upon a parol warranty of the cultivator, but in a seperate count set up an implied warranty, on the ground that plaintiffs were the manufacturers of the machines which defendants had no opportunity to inspect prior to the purchase. The Circuit Court instructed the jury

2. INSTRUC-
TION: excep-
tion: appeal:
practice.

that the warranty relied upon by defendants "must have been expressly made" and that "there is no warranty implied from the transaction in evidence." They now insist that the verdict and judgment may be supported upon the facts and rules of law relied upon in the count of the answers just mentioned.

But the instruction if wrong must be regarded as the law of the case, and if the jury found such an implied contract their verdict cannot be sustained, for it would be in conflict with the instruction. As defendants did not object to the instruction, and have not appealed, they cannot now complain of it. We are therefore not permitted to inquire as to the correctness of the instruction and we surely cannot sustain the judgment on the ground that the verdict, though contrary to the instruction, is in accord with the correct rule of law.

Besides all this, we will presume that the jury did not disregard this instruction, but found for defendants upon the counts of the answer setting up a parol warranty. We cannot upon this appeal determine whether the law raised an implied warranty of the quality of the machines purchased of plaintiff.

The foregoing opinion will be adhered to and the decision of this court reversing the judgment of the courts below will stand.