ANNIS v. ANNIS ET AL.

1. **Breach of contract and of trust:** FACTS NOT CONSTITUTING. Plaintiff sued for damages for the breach of a contract, and the violation of a trust created thereby, and for the recovery of the trust property, but, upon consideration of the facts, (see opinion,) it was *held* that the contract had not been broken nor the trust violated, and that plaintiff could not recover.

2. **Evidence:** PAROL TO VARY WRITTEN CONTRACT. Parol testimony was properly excluded, when offered to eliminate a distinct provision from a written contract.

*Appeal from Mitchell District Court.*

MONDAY, JUNE 11.

ACTION to recover for an alleged breach of a contract, and a violation of trust under the same. On motion all the defendants were dismissed, except J. P. Brush. There was a trial to a jury, and verdict and judgment were rendered for the remaining defendant, Brush, and the plaintiff appeals.

*L. M. Ryce* and *F. F. Coffin*, for appellant.

*Cleland & Eaton*, for appellee.

ADAMS, J.—The contract in question pertains to the estate of the plaintiff's deceased husband, A. W. Annis, who died

1. BREACH of contract and trust: facts not constituting. testate in 1876. The defendants, J. W. Annis, Laura R. Eaton and Hattie M. True, are his children and devisees. Brush is made defendant;

as holding certain property in trust. The plaintiff was the testator's second wife, and is not the mother of either of the defendants. She has one child, Cecil A. Annis, born three days after the testator's death. The will contained some peculiar provisions, and it was regarded as doubtful whether Cecil was provided for in it. The provision for him, if any, was made in very general terms. The testator, after making a bequest to his wife, the plaintiff, made a provision in these words: "Should she leave an heir or heirs by me, then what I have willed to her is to go to her children that she may have by me." The doubt arose upon the construction of this provision. We infer, too, that there was another doubt, and that was as to what would be the amount of the plaintiff's distributive share, if she refused to take under the will. The legacies payable out of the personal property in money to the testator's children by his former wife amounted to $22,000. If these bequests could be sustained as against the plaintiff, it was seen that the will would operate to greatly reduce what would otherwise have been the plaintiff's distributive share. The doubt, we infer, arose upon the construction which should be put upon section 2452 of the Code, which section has since been construed by a divided court in *Ward v. Wolfe*, 56 Iowa, 465. In view of these doubts, and, as we infer, to induce the plaintiff to accept under the will, the devisees, J. W. Annis, L. R. Eaton and H. M. True, offered to add something to her bequest, and give her property in promissory notes and mortgages and lands, which should be of the aggregate value of about $7,000. She concluded to accept this offer. She filed a petition in the circuit court, accepting under the will, and a contract was drawn and signed, which is the contract in question. This contract provided that she should receive certain real estate; and from the notes and mortgages belonging to the estate she should select notes and mortgages to the amount of $6,000, and deposit the same in the hands of the cashier of the Osage National bank, who, it. appears, is the defendant, Brush.

The selection and deposit were made. Interest upon the notes has been faithfully collected by Brush and paid over to the plaintiff. In collecting interest and preserving securities, the defendant, J. W. Annis, and his brother-in-law, W. L. Eaton, husband of the defendant, Laura R. Eaton, have rendered some assistance. Some of the notes have been entrusted by Brush to them, he taking proper security for their return. With Brush's actions, for some reason, the plaintiff seems to have become dissatisfied. She has also conceived that, under the contract, she has become entitled to terminate the trust, and receive and control the notes herself. She accordingly demanded them of Brush, claiming, among other things, that she was the sole owner. Brush, taking a different view of her rights and his obligations, refused to surrender them. This refusal by him, together with his action in allowing some of the notes to pass into the hands of J. W. Annis and Eaton, constitute the plaintiff's ground of complaint. The court instructed the jury in these words: "If Brush has not suffered any of the securities in question to go beyond his control, so as to endanger the payment to plaintiff of the interest to accrue, he would not be liable. It would be no breach of the contract or of his duty, if he placed the securities or a part of them in the hands of another to be looked after, secured, or collected." The court also instructed the jury, in substance, that she was not the sole owner of the notes and mortgages, and, not being such owner, she was not entitled to the possession of them without complying with a certain order of the circuit court, which, the court said, it was not claimed that she had complied with. The instruction respecting the order of the circuit court was based upon a provision of the contract, whereby it was made the duty of the trustee to deliver the trust property in a certain event to the plaintiff, subject, however, to such provisions and conditions, if any, as the court might order. It was shown that, as a condition of the plaintiff's receiving the trust property, the court had

ordered that she should give a bond in the sum of $5,000, and it was not shown or claimed that she had given such bond.

As to the alleged breach of trust on the part of the trustee in allowing some of the notes to pass into the hands of J. W. Annis and Eaton, we deem it sufficient to say that we think that the question was fairly submitted, and that the verdict was fully justified by the evidence.

As to the plaintiff's right to the possession of the property, it was manifest that it can be sustained, if at all, only upon the ground that she is the sole and absolute owner. Upon this branch of the case, the efforts and arguments of the plaintiff's counsel have taken a wide scope. Very much is said in regard to the fraud practiced upon the plaintiff by the defendant legatees in obtaining from her the contract in question. The professional competency and conduct of a former attorney of the plaintiff, not a party to the action, and in no way connected with any of the defendants, are sought to be impeached. We deem it sufficient to say that for these charges we see no ground in the evidence.

It would have been better, certainly, for the plaintiff, under the construction which this court has put upon section 2452 of the Code, if she had refused to make the contract, and had refused to accept under the will. But it was impossible for any one to foresee this. Her professional adviser, whether adopting or not the view since held by the minority of the court in *Ward v. Wolfe*, might well have entertained the gravest doubt in regard to the expediency of rejecting the amount offered, for the uncertainty of a larger amount.

We should not have felt called upon to say this much in regard to the fairness of the transaction, but for the claim, strenuously advocated by the plaintiff's counsel, that we should allow ourselves to be influenced in construing the contract by the consideration of the hardship imposed upon the plaintiff, if the construction of the court below should be adopted.

In proceeding to consider whether that construction is correct, we find it necessary to set out some parts of the contract. It provides that the plaintiff "is to have and receive as and for the amount given and bequeathed to her by the terms of the will, and in full satisfaction of all claims either as legatee, widow or heir, the following described property, to be taken and held by her subject to all the restrictions and provisions of the will." The bequest to her was the use, during her life or widowhood, of one-third of the remainder of the personal property, after the payment therefrom of certain legacies, amounting to $22,000. When her interest ceased in such one-third, it was to go to her heir or heirs, if she had any by the testator; otherwise to the defendant legatees. "The restrictions and provisions of the will" mentioned in the contract must have been the restrictions and provisions above set forth.

Under this contract she claims that she took the property described in it in her own right, as full and exclusive owner, leaving Cecil to be provided for out of the balance of the estate.

For the purpose of sustaining her position, she sought to introduce parol evidence of the understanding as it existed prior to the execution of the contract. The court excluded it, and of this the plaintiff complains. Her position seems to be that, where there is doubt or uncertainty in regard to the meaning of a contract, it is proper to show by parol what the contract was. Precisely to what extent the meaning of words may be explained, or circumstances shown, to aid in the interpretation of a contract, we need not determine. The plaintiff, it appears to us, seeks to eliminate a distinct provision, to wit, that part embraced in the words: "and be held by her subject to all the restrictions and provisions of the will." Her claim is that the property was to be held by her subject to no restrictions or provisions. The evidence offered and excluded was, we think, properly excluded. The contract,

*2. EVIDENCE: parol to vary written contract.*

we think, is reasonably clear in its provisions, at least so far as concerns the plaintiff's right to withdraw the property from the hands of the trustee without giving a bond. The construction adopted by the court, that she had not such right, appears to us to be correct. In no view of the law upon the evidence are we able to see how the plaintiff is entitled to a recovery of damages as against the trustee or either of the defendants.

AFFIRMED.