# NICHOLS, SHEPARD & CO. v. WYMAN ET AL.

1. **Sale:** WRITTEN WARRANTY: EVIDENCE OF ADDITIONAL PAROL WARRANTY. Where there is a written contract of sale, an oral warranty of the thing sold cannot be shown; and when there is a written warranty, the vendee cannot show an additional parol warranty. (*Mast v. Pearce*, 58 Iowa, 579, and *Shepherd v. Gilroy*, 46 Id., 193, followed.)

2. ———: CONDITIONAL WARRANTY: FAILURE TO COMPLY. Where the contract of the sale of machinery required the purchaser, in case it failed to satisfy the warranty, to give written notice thereof to the vendors and their agent, and he failed to do so, *held* that he could not set up a failure of the warranty in defense to an action for the purchase money.

*Appeal from Warren Circuit Court.*

WEDNESDAY, MARCH 9.

ACTION in chancery to foreclose a mortgage. There was a decree for defendants. Plaintiffs appeal.

*Smith & Morris*, for appellants.

*H. McNeil*, for appellees.

BECK, J.—I. The notes secured by the mortgage in suit were executed by defendant John H. Wyman in the purchase of a steam-engine, and a separator to be propelled by the engine, and fixtures accompanying each. The defendants in their answer allege that plaintiffs orally warranted the machinery to be perfect, and capable of doing good work, and that the engine would haul the separator, tank, water, and one-half ton of coal, through stubble and over plowed fields, and over all the territory wherein defendant was to use the machines, and to perform other conditions of the warranty. It is further alleged that the machinery failed to comply with the terms of the warranty. The plaintiffs in their reply deny the oral warranty pleaded by defendant, and allege that the machinery was sold upon a written warranty, and no other, which is set out as an exhibit.

II. The preponderance of the evidence shows that there was no oral warranty. Defendant Wyman testifies that there was, but one of the plaintiffs, and the agent who made the sale for them, testify to the contrary.

III. The written warranty is introduced in evidence, and it is shown that the sale was made under it, being embraced in the order which defendant gave for the machinery. It is a well-settled rule, recognized by more than one decision of: this court, that where there is a written contract of sale an oral warranty of the thing sold cannot be shown, and when there is a written warranty the vendee cannot show an additional parol warranty. *Mast v. Pearce,* 58 Iowa, 579; *Shepherd v. Gilroy,* 46 Id., 193. The evidence fails to show that the agent who defendant testifies warranted the machinery had authority to make such a contract.

IV. We think the evidence fails to show that the machinery did not comply with the terms of the written warranty. The principal ground of complaint made by defendant is that the engine did not possess sufficient power to draw the separator, tank, etc. But the written contract contains no warranty to the effect that it could do so. Defendant also claims that it did not possess sufficient power to run the separator. The evidence hardly supports this claim.

V. But the defendant is not in a position to enforce the warranty, even should we find that the machinery did not comply therewith. The contract of sale requires him, in case the machinery failed to satisfy the warranty, to give written notice thereof to the plaintiffs, and their agent of whom he made the purchase. This he did not do.

2. ——: conditional warranty: failure to comply.

These views dispose of the case, and lead to the conclusion that plaintiffs are entitled to the relief prayed for in the petition. The judgment of the circuit court is reversed, and the cause remanded for such a decree; or, at the option of plaintiffs, it may be rendered in this court.

REVERSED.