C. W. FAWKNER, Appellant; v. LEW SMITH WALL PAPER COMPANY et al., Appellees.*

1. **Contracts in Writing**: PAROL EVIDENCE TO VARY. A contract provided that, "On demand I promise to deliver to the order of F. eight hundred dollars (less twenty per cent. discount) in wall paper, at wholesale price." *Held*, that the meaning was that the paper was to be delivered when F. demanded it, and that the price to be paid therefor was the wholesale price at the time of such delivery; and that evidence that the promisor, at the time the contract was made, handed F. a card containing a price list of wall paper, and that it was understood that F. was to take the paper at the prices named on such card, was improperly admitted, as it tended to vary the terms of an unambiguous written contract.

2. ————: ————: RULE STATED. Whatever the law implies from the language used in a written contract is as much a part of the contract as that which is expressed therein; and if the contract, viewed in the light of what the law thus implies, is clear, definite and complete, it can not be added to, varied or contradicted by extrinsic evidence.

3. ————: ————: WHEN CONTRACT IS PARTLY IN PAROL. While it is true that, when a contract is partly in writing and partly in parol, extrinsic evidence is admissible to establish that part which is in parol, still such evidence is admissible only to establish that part of the agreement as to which the writing is silent, and is inadmissible when it tends to contradict or vary that which is clearly expressed in the written portion of the contract.

4. ————: ————: SITUATION OF PARTIES. While it is competent, in construing a contract, to show the situation of the parties, the subject-matter of the contract, and the acts of the parties under it, as tending to show how they understood it, this can not be done to the extent of varying or contradicting a written contract, when such contract is certain, complete and unambiguous.

*Appeal from Polk District Court.*—HON. M. KAVANAGH, Judge.

TUESDAY, MAY 16, 1893.

*The opinion filed upon the first submission of this cause was withdrawn by the court, and for that reason is not published in these reports. It may be found in 49 N. W. Rep. 1003.—REPORTER.

ACTION on a written contract for the delivery of
wall paper.    There was a verdict and judgment for the
defendants, and the plaintiff appeals.—*Reversed.*

*J. R. Barcroft* and *Crom Bowen,* for appellant.

*P. F. Bartle,* for appellees.

KINNE, J.—The question involved in this case
was deemed of such importance that a rehearing was
granted, and further argument had.    The original
opinion will be found in 49 N. W. Rep. 1003.

The plaintiff declared upon the following written
contract:

"DES MOINES, IOWA, July 11, 1887.

"On demand I promise to deliver to the order of
E. F. Fisher eight hundred dollars (less twenty per
cent. discount), in wall paper, at wholesale price, good,
clean, assorted stock out of my store on Fifth street,
Des Moines, Iowa.    No storage.

"LEW SMITH WALL PAPER CO."

On the same day there was indorsed on the back
of said contract a statement signed by Fisher that he
had given Towne & McFarland an order for two hun-
dred dollars' worth of said paper, and that it had been
delivered to them; also, an assignment of the contract
to the plaintiff.    It was averred that demand had been
made for the balance of the goods at the wholesale
price, and that the defendant refused to deliver the
goods at said price.    Judgment was asked for six
hundred dollars and interest.

The defendant admitted the execution of the con-
tract, and the payment of the two hundred dollars, and
denied all the other allegations in the petition.    He also
pleads that, at the date of making the order, and of its
acceptance by Fisher, the "wholesale price" for good,
clean, assorted wall paper, and the price upon which

said order was based, and at which said paper was to be delivered by the defendant to, and accepted by, the payee was agreed upon, and set forth on a card then shown Fisher, and a copy of same is attached to the answer; that the schedule of prices printed upon the card was then agreed upon between the parties to said order as the then wholesale prices at which paper was to be delivered, and said card accompanied the order, as a part of it, and a part of the contract fixing the wholesale price for said paper. It is also averred that defendant has tendered the six hundred dollars in paper to the plaintiff, in accordance with the contract and terms of said card.

I. The defendant was permitted to prove that, when the contract was made between the parties, he

1. CONTRACTS in writing: parol evidence to vary.

handed the plaintiff's assignor a card, having printed thereon a price list of wall paper, and that he was to take the paper mentioned in the contract at the prices stated on the card. This evidence was objected to, as it tended to vary and contradict the written contract of the parties. The defendant claims that the evidence was admissible as constituting a part of the contract; that, though it was on a separate piece of paper, still it was in fact but a part of, and altogether constituted but one contract. The rules of law touching the admission of parol, contemporaneous evidence, to add to, vary, or contradict the terms of a written contract, are well settled. The difficulty in these cases generally arises, not as to any doubt as to what the law is but as to whether or not the case presented comes within the rules prohibiting the introduction of such evidence. We do not think the evidence was admissible. It tended to add to, vary, and contradict the written contract. By the terms of the contract the defendant company bound itself to deliver to the plaintiff, whenever he demanded it, wall paper of the value of eight

hundred dollars (less twenty per cent. discount), and the price of the paper was by the very wording of the contract to be the wholesale price at the time of such delivery. The instrument, it occurs to us, was in nowise ambiguous or uncertain, so as to call for extrinsic evidence to render certain the meaning of language which, without it, would be obscure or unintelligible. It required no explanation as to what the "wholesale price" meant. The words "wholesale price" have a fixed, certain, and well-defined meaning in the mercantile world. They mean the price fixed on merchandise by one who buys in large quantities of the producer or manufacture, and who sells the same to jobbers, or to retail dealers therein. Neither can it be successfully claimed that the written contract leaves it a matter of doubt or uncertainty as to what wholesale price should be used in determining the value of the paper. The plaintiff or his assignor, by the plain terms of the contract, had a right to demand its fulfillment whenever he chose so to do. The contract was by its terms to be satisfied by delivery of wall paper at wholesale price, the delivery to take place on demand. It was then a contract in all respects complete and perfect as to the parties, the subject-matter, and the delivery. There is no claim that the schedule of prices, as set forth on the card introduced in evidence, was to be a part of the written contract, and was omitted by accident, mistake, oversight, or fraud. No such issue is presented. The evidence objected to would work a material change in the terms of the contract. It shows that the paper was to be received at a price which was agreed upon when the contract was executed, and outside of the provision of the written contract. It measured the amount of paper that should be received under the written contract by the then wholesale market price, when the written contract measured the amount of paper to be delivered

under it by the wholesale price at the time of demand made for the goods.

II. Another thing must be borne in mind in determining as to whether or not the written contract is such that it can be varied by parol evidence, and that is that the law raises certain implications from the terms used in the contract; that whatever the law thus implies from the language used in the writing is as much a part of the contract as that which is expressed therein. *Works v. Hershey*, 35 Iowa, 343; *American Emigrant Co. v. Clark*, 47 Iowa, 673; *Lumber Co. v. Mead*, 44 N. W. Rep. (Minn.), 306. Hence, if the contract as expressed, or viewed in the light of what the law thus implies from the language used therein, is clear, definite, and complete, the rule applies that it can not be added to, varied, or contradicted by extrinsic evidence. We have endeavored to show that this contract is complete in itself, and, when construed in the light of its legal import, there can be no doubt as to its meaning, and it does not need the aid of extrinsic evidence. 2 Pars. Cont. [7 Ed.], pp. 683, 694.

*2. ——: ——: rule stated.*

III. It is said that a contract may rest partly in writing and partly in parol, and that in such cases extrinsic evidence is admissible to establish that part which is not written. This exception is as well settled as the rule itself. But extrinsic evidence in such cases is only admissible when that part of the contract sought to be thus established relates to some matter about which the writing is silent. If the proposed evidence is in any way inconsistent with the terms of the writing, such evidence is inadmissible. *Blair v. Buttolph*, 72 Iowa, 31; 17 Am. and Eng. Encyclopedia of Law, pp. 443, 444; 7 Am. and Eng. Encyclopedia of Law, p. 91; *Taylor v. Galland*, 3 G. Greene, 22; *Annis v. Annis*, 61 Iowa, 220. In the case at bar the evidence introduced

*3. ——: ——: when contract is partly in parol.*

related to a matter as to which the contract itself speaks with certainty. The legal import of the contract determined that the wholesale price therein mentioned should be ascertained as of the date a demand and delivery of the goods was made. It was then impossible that in advance of that time, and at the time the contract was made, the parties could by parol ingraft upon it a provision inconsistent with the written contract as interpreted by the law. As we have said, the rule prohibiting the introduction of contemporaneous parol evidence to add to, change or contradict a written contract is as clearly applicable when the effect of such evidence is to change the terms of the contract as interpreted by the law as when it contradicts or varies the expressed provisions of it.

IV. The court instructed the jury that if they found that, at the time the written contract was made, a card containing a list of prices of wall paper was produced and shown to said Fisher, and it was agreed between him and the defendant that said card specified the wholesale price attached, and it was delivered to Fisher with the written contract as a part of it, and the goods were to be furnished under said contract, then the defendant had a right to charge for paper furnished to the plaintiff or his assignor the prices appearing on said card. For the reasons heretofore given, this instruction was erroneous.

V. While it is competent in construing a contract to show the situation of the parties, the subject-matter of the contract, and acts of the parties under the contract, as tending to show how they understood it, still this can not be done to the extent of varying or contradicting a written contract, when such contract is certain, complete and unambiguous. The case of *Thompson v. Locke*, 65 Iowa, 432, was one where the contract was

4. ——: ——: situation of parties.

not complete in all its parts. *Shuler v. Dutton*, 75 Iowa, 157; *Bigelow v. Wilson*, 77 Iowa, 603.

For the reasons given, the judgment of the district court is REVERSED.