LAKE MANAWA RAILWAY COMPANY, Appellant, v. J. W. & E. L. SQUIRE *et al.*, Appellees.

Contracts in Writing: SUBSEQUENT CHANGE BY PAROL AGREEMENT: EVIDENCE. Where, in an action upon a written contract of subscription to stock, the plaintiff alleged, that said agreement was subsequently changed by writing thereon the word "donation," *held*, that the admission of parol evidence to show the agreement of the parties, whereby said subscription was changed to a donation, was not in violation of the rule excluding parol evidence to vary or contradict a written contract.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY 16, 1894.

ACTION to recover a donation for the construction of a railway. There was a verdict and judgment for the defendants, and the plaintiff appeals.—*Affirmed.*

*Emmet Tinley*, for appellant.

*Ross & Ross*, for appellees.

KINNE, J.—I. The defendants entered into the following written agreement:

"We, the undersigned subscribers hereto, in consideration of each other's subscription hereto made to the Lake Manawa Railway Company of Council Bluffs, Iowa, and other considerations to us moving, do each for himself subscribe for, and agree to pay for and to take, as provided in the articles of incorporation of said company, the number of shares and the amount of capital stock set opposite our respective names.

"Dated, March 21, 1887.

| Name. | No. Shares. | Amount. |
|---|---|---|
| J. W. & E. L. Squire | 5 | $500.00" |

Suit was originally brought on the agreement as above written. Afterwards, by amendment, it was alleged that said stock subscription was changed to a donation, and that the above contract was changed by writing thereon the word "donation," and that no other modification or change was made in said contract. This word "donation" was written immediately to the right of the "$500.00." The defendants plead, in substance, that the agreement touching the "donation" was partly by parol and partly in writing; that, at and prior to the time the defendants signed the foregoing agreement, it was verbally agreed and understood, by and between the defendants and the promoters of said railway enterprise and the officers of the plaintiff, that said railway should be constructed, operated, and maintained from the southern terminus of Ninth street, in the city of Council Bluffs, southward over and along the section line between sections eleven and twelve, in township seventy-four, range forty-four, to a point within six rods of the northeast corner of the northeast quarter of the northeast quarter of section number fourteen, township seventy-four, range forty-four, and to a place then known as "Wray's Landing," on Lake Manawa, which was a pleasure resort situated south of and near to said city of Council Bluffs; that the defendants owned a tract of land on said lake, and adjacent to said line of railway, which was valuable; that the consideration on which the defendants made their said subscription for stock was that said road should be constructed, operated, and maintained on the line aforesaid, which the plaintiff agreed to do; that the plaintiff did so construct and operate the road for a time, but afterward took up the track, and moved the road fifty rods to the east of its original location, thereby making it a much greater distance from said railway to the defendants' said land, and they say that the consideration on which said subscription was made has wholly failed; that,

prior to said change of the route of said railway, the defendants paid two hundred and fifty dollars under said agreement. In the sixth division of the answer, in addition to the foregoing averments, it is alleged that the plaintiff thereafter requested the defendants to make their subscription for stock a donation, and that the defendants did so upon the agreement of the plaintiff that it would construct, operate, and maintain said road upon the route as originally agreed upon with the defendants; that it did so for a time, and afterwards abandoned the same, and adopted a new line, as heretofore alleged, and damages are claimed therefor. The plaintiff filed a reply, admitting its incorporation, admitting "that the stock subscription was changed upon conditions set forth in said sixth paragraph of said answer to a donation," and denying all other allegations of the answer. The record also contains an agreement of the parties, which need not be set out, as in our view it does not affect their rights or liabilities. From a verdict and judgment for the defendants, the plaintiff prosecutes this appeal.

I. Evidence was introduced in the trial court, against the plaintiff's objection, to show that, at and prior to the time the defendants subscribed for the stock, the plaintiff's officers and agents verbally agreed with the defendants, as an inducement for them to take stock, to build, operate and maintain the road upon and over the route set out in the answer; that it was the consideration on which the defendants took the stock; and that the defendants afterwards, on the plaintiff's solicitation, changed said stock subscription to a donation, upon the verbal understanding and agreement that the road should be built, operated and maintained on the route originally agreed upon. At the close of the testimony, the plaintiff moved to strike out all the testimony of conversations had at the time the stock was subscribed, as well as when it was changed

to a donation, as tending to alter or change the written contract entered into between the parties. The motion was overruled. The same question was raised by objections to instructions given by the court. Many errors are assigned, but the only question argued is as to the admissibility of the evidence touching the parol representations, conversations, and statements aforesaid, and the correctness of the instructions to the jury on that branch of the case.

If this was an action to recover on the stock subscription, and there was no claim that some part of the contract rested in parol, it is clear that evidence of contemporaneous parol agreements would not be admissible. In this case, however, the original contract, which was in writing, and obligated the defendants to take a certain amount of stock in the plaintiff company, was abandoned by both parties, and a new agreement entered into in lieu of it. By this new arrangement, the defendants were released from all liability on the original contract, and a new liability created. They agreed to donate the five hundred dollars to the plaintiff. No writing was entered into touching the agreement save and except that the word "donation" was written by someone, it does not appear by whom, to the right of the figures "$5,000.00" on the stock subscription paper. It seems to us that the agreement upon which the donation was in fact made does not appear from the paper itself; that in that respect it was incomplete. The writing being silent as to the agreement under which the donation was made, parol evidence was clearly admissible to show what that agreement in fact was. *Fawkner v. Wall Paper Co.*, 88 Iowa, 169, and cases cited. Now, the evidence admitted tended to show the circumstances and conditions surrounding the donation. It was not sought to defeat the written part, of the contract by showing that no donation was made, but to establish the parol part of

the contract by showing what the agreement in fact was, or rather the terms and conditions upon which the donation was made. Then, as we understand this record, it is not a case of an attempt to change a complete written contract by proof of a parol contemporaneous agreement, but to show what the contract was, in so far as it was not reduced to writing. Such evidence has often been held admissible. See *Fawkner v. Wall Paper Co.*, 88 Iowa, 169.

Again, if the answer and counterclaim were objectionable as pleading a contemporaneous parol agreement to vary the terms of a written contract, as the appellant contends, advantage of that fact should have been taken by demurrer. On the contrary, issue was taken on the facts alleged in the answer and counterclaim, a reply was filed, in which it is admitted that said stock subscription was changed, upon conditions set forth in the answer, to a donation; and there was a denial that the defendants were injured by reason of the removal of the plaintiff's railway track. Under this condition of the pleadings, it would seem that the claim of the defendants, that the donation was made on condition that the road should be built, operated and maintained on the line contended for by them, should not have been a matter of controversy on the trial. If we treat the subsequent agreement for the donation as an agreement to change the original written contract, evidence of it is admissible. It is not of a contemporaneous parol agreement, but an agreement subsequently made. Parties may, by parol, rescind, alter, or abrogate a prior written contract. The case needs no further consideration. As we have said, the facts do not bring it within the rule prohibiting proof of a contemporaneous parol agreement, the effect of which is to alter or change a written contract. The instructions given were in harmony with the views we have expressed. AFFIRMED.