WESTERN ELECTRIC COMPANY v. JULIUS E. BAERTHEL and LOUIS J. BAERTHEL, Appellants.

**Written contract:** ALTERATION BY PAROL. The terms of a written contract cannot be extended or enlarged by a parol agreement.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

SATURDAY, MAY 6, 1905.

SUIT to recover the contract price of an engine and electrical supplies sold to the defendants. There was a directed verdict for the plaintiff, and from a judgment thereon the defendants appeal.— *Affirmed.*

*S. K. Tracy,* for appellants.

*U. C. Blake* and *Redmond & Stewart,* for appellee.

SHERWIN, C. J.— There was a written contract between these parties by the terms of which the plaintiff agreed to furnish to the defendants f. o. b. car at Cedar Rapids, Iowa, an engine of certain size and power and two electric generators, described and warranted as follows:

There will be two generators, one 25 K. W., 550 volts which is equivalent to 33 H. P.— the other will be of 15 K. W., 125 volts and have a capacity of two hundred and forty (240) 16 candle power incandescent lamps. We guarantee these generators to be free from any inherent electrical or mechanical defects. We further guarantee them to stand an overload of 25 per cent. for two hours, or 50 per cent.

overload for one hour. We further guarantee them to operate sparklessly from no load to 25 per cent. overload.

The defendants admitted the execution of the written contract pleaded by the plaintiff, but alleged that it did not contain their entire agreement, a part of which was oral, and by the terms of which the plaintiff undertook to furnish an electric lighting plant of sufficient power to light their hotel and run the elevator therein; all to their satisfaction. They alleged a breach of the oral warranty, but did not allege or attempt to prove that the engine and generators sold to them did not comply with the written warranty. They were not permitted to prove the oral warranty, and the correctness of the ruling excluding such testimony is the only question before us for determination.

The written contract specified the power and capacity of the two generators which were to be furnished, and such power was, in effect, warranted therein. There is no contention that the generators did not possess the capacity stipulated for in the written contract. This capacity was limited by the express terms of the writing, and it is evident that the oral contract pleaded would have removed such limit, and demanded a capacity far in excess of that expressly contracted for, and would have been in conflict with the express agreement. That the terms of a written contract may not thus be extended or enlarged by a parol agreement is well settled. *Meader v. Allen,* 110 Iowa, 588; *Mast & Co. v. Pearce & Cowan,* 58 Iowa, 579. It is contended, however, that this case is within the rule announced in *Blackmore v. Fairbanks, Morse & Co.* 79 Iowa, 282, and cases subsequently decided following the same rule. But it is not in line with those cases, in all of which it was held, in substance, that there might be implied warranty where it would not conflict with or enlarge an express one. An examination of the various express contracts under consideration in those cases will disclose the difference between them and the written contract in this case. Moreover, the defendants did not

plead and were not relying on an implied contract. They pleaded an express oral contract, by which they sought to enlarge the terms of the written warranty, and this we have expressly held cannot be done.   See *Mast & Co. v. Pearce & Cowan, supra.*

The evidence was properly excluded, and the judgment is affirmed.