FOUR TRACTION AUTO COMPANY v. RUDOLPH HURNI,
Appellant.

**Sales:** WARRANTIES: VARIANCE BY PAROL: PLEADINGS. The express warranties of a written contract of sale can not be varied or added to by parol proof of oral representations, made preceding or contemporaneous with the written contract, and which in themselves amount to an express warranty. Thus in an action for the price of an article sold under a written warranty the defendant alleged that in negotiating the sale plaintiff orally represented that the article was what the defendant needed, that he relied upon the statements, that the article was not as represented and that the same failed to comply with the representations additional to written warranties, the court properly struck from the answer all such allegations as did not tend to plead an implied warranty that the article was not suitable for the purpose desired, and that it did not comply with the written warranties.

**Same:** EXPRESS WARRANTIES. To constitute an express warranty it is not necessary that the word warranty be used; it is sufficient if the terms used import representations on which the seller intends the buyer may rely, and on which he does rely, that the article sold shall be of a certain character or that it will fulfill certain conditions.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

TUESDAY, OCTOBER 22, 1912.

THIS is an action to recover the purchase price of an automobile truck sold by plaintiff to defendant with a written warranty. In his answer the defendant pleaded

representations of the plaintiff with reference to the truck which were not met and complied with. On motion of plaintiff the provisions of defendant's answer alleging representations as to the character and capacity of the truck were stricken out by the court, and from this ruling and order the defendant appeals.—*Affirmed.*

*Edwin J. Stason,* for appellant.

*Carter & Carter,* for appellee.

McCLAIN, C. J.—The single question presented on this appeal, as stated by appellant, is whether one who enters into a contract to buy from a manufacturer a machine ordered for a particular purpose which is fully understood by the seller and under provisions for trial and return if the machine is not as represented may defend as against the action for the purchase price, after offering to return the machine, on account of breach of implied waranty as to fitness for purpose intended, although there is a formal written warranty, breach of the conditions of which is not shown. In short, counsel for appellant relies upon the proposition that without regard to breach of written warranty the buyer may rely as a defense in an action for the purchase price upon the breach of an implied warranty as to fitness or suitability of the article for the purpose for which it is designed, although there is an express written warranty, breach of which is not shown. We think, however, that the record does not raise the question argued by counsel for appellant, but a different question; that is, the admissibility of parol evidence to establish a warranty, different from and in addition to that contained in the written contract for sale. To make plain the exact point presented to the lower court, it will be necessary to briefly state the allegations of the petition and answer.

In the petition, it is alleged that, in pursuance of a

written contract embodied in certain letters which are set out, the plaintiff sold to the defendant a certain auto truck

1. Sales: warranties: variance by parol: pleadings.

for $2,000, with a specific written warranty, which truck was delivered to defendant, and judgment is asked for the agreed purchase price. The defendant in his answer admitted the making of the contract for the purchase of the auto truck, as alleged by the plaintiff, and the receipt by the defendant of the truck referred to in such contract and the alleged breach of the terms of the contract as to workmanship and material and in other respects. But the defendant also alleged that during the negotiations for the purchase of the auto truck "the defendant stated to the plaintiff . . . that he wanted a good, strong, durable truck and equipment that would stand the test of use in all kinds of weather and conditions of streets for the purpose stated, and in all the negotiations had by the defendant with the plaintiff, the plaintiff . . . represented to and assured the defendant that" the truck sold "was what the defendant needed, that it would answer his purposes, and that it was fully capable of doing the work required, and that it was a good, strong, durable truck of good material and workmanship." The defendant further alleged that when he gave the order for the truck, as set out in plaintiff's petition, "he relied upon the foregoing representations and warranties of the officers and agents of the plaintiff, and would not have ordered the said auto truck if the plaintiff had not thus warranted that the truck would meet his requirements, fulfill the purposes for which he desired an auto truck in every respect, and come fully up to the representations made." Further, the defendant alleged that on trial of the truck "it was found to be unsatisfactory, unreliable, and unsuitable for the purposes for which he desired an auto truck," and "that it was not in any respect a truck of the character that plaintiff . . . represented it to be." Defendant also alleged that, after

discovering that the truck did not comply with these representations, he refused to accept and pay for it, and returned it to the plaintiff in accordance with the provisions of the contract under which such return was authorized.

We think it is plain that, so far as defendant relied upon the failure of the truck to comply with the alleged representations of the plaintiff which were outside of and additional to the specific requirements of the contract of sale which was in writing, the defendant pleaded, not a breach of an implied warranty of fitness or suitableness for a specific purpose, but a breach of an express warranty in addition to the warranty contained in the written contract of sale. Conceding the contention for the appellant that in sales of personal property there may be a warranty implied by law of the fitness or suitableness of the article for the purpose for which it is intended, in addition to an express warranty against defects in workmanship and material, no such implied warranty is pleaded or relied upon in the portion of the answer stricken out. The defendant pleaded and relied upon express representations and warranties of the plaintiff outside of and in addition to those contained in the written contract. The court did not strike out the allegation in the answer that, after a fair trial of the auto truck, it was found to be unsatisfactory, unreliable, and unsuitable for the purposes for which he desired an auto truck, but only so much of the allegations of the answer as related to the failure of the truck to fulfill the representations by the plaintiff which were outside of and additional to the warranties contained in the written contract. It was therefore left open for the defendant to prove a breach of an implied warranty that the truck was suitable for the purposes for which it was bought, as well as that it did not comply with the warranties contained in such written contract. The ruling of the court simply denied defendant the opportunity of proving failure of the truck

to fulfill other warranties and representations than those contained in the written contract.

It is clear that failure of the article sold to conform to representations made by the seller, with the intention that they should be relied upon by the buyer, constitutes a breach of an express warranty.

2. SAME: express warranties.

To constitute a warranty, it is not necessary that the term "warranty" be used. It is sufficient that the terms used be such as to import a representation on which the seller intends that the buyer may rely, and on which the buyer does rely, that the article shall be of a certain character or fulfill certain conditions. But a warranty thus implied or inferred from the language used by the seller in representing the character and quality of the thing sold, is not an "implied" warranty, as that term is used with reference to a sale, but it is an express warranty. *Figge v. Hill*, 61 *Iowa,* 430.

The question raised, therefore, by the motion to strike out portions of the defendant's answer, was not whether breach of an implied warranty can be relied on as a defense notwithstanding the embodiment in a contract of sale of terms of express warranty, but whether the buyer can show by parol evidence the breach of other agreements of warranty than those found in the written contract of sale. That the terms of a written contract of sale constituting express warranties may not be varied or added to by parol proof of oral representations, preceding or contemporaneous with the written contract which contains express warranties is too well settled to require an extensive citation of authorities. The views of this court on this question have been fully expressed in recent cases. See, as directly in point on the proposition. *Electric Storage Battery Co. v. Railway,* 138 Iowa, 369; *Western Electric Co. v. Baerthel,* 127 Iowa, 467.

The ruling of the trial court was correct, and it is— *Affirmed.*