JOHN R. FUDGE et al., Appellants, v. B. W. KELLEY, Appellee.

EVIDENCE: "Parol Evidence" Rule—Contracts Partly Written,
1  Partly Oral—When Oral Part Provable—Warranty. A contract may be partly in writing and partly in parol. If the parol part is concerning a matter not covered by the writing, then, the written and parol parts being harmonious, the parol part may be shown along with the written. *Held*, an oral warranty might be shown along with the written part of the contract.

EVIDENCE: "Parol Evidence" Rule—Written Warranty Fore-
2  closing Oral Warranty—When Rule Inapplicable. Assuming the the rule that a written warranty forecloses farther inquiry as to warranties, yet the rule does not apply when the written warranty was inserted by accident, gratuitously, not as a part of the real transaction, and without consideration.

PRINCIPLE APPLIED: Plaintiff leased certain premises of defendant, and, as a part of the deal, purchased the defendant's dairy, including cows, hay, corn, a silo and other produce, at a certain agreed price. A written contract was executed accordingly. Later, when plaintiff paid a part of the consideration and executed his notes for the balance, he was given by defendant a lease of the premises and a bill of sale, in the ordinary printed form, the latter containing the following printed clause, to wit: "I hereby warrant the title of said property and that it is free from any incumbrance or liens." No talk was ever had by the parties concerning such a warranty, and no consideration passed by reason thereof. *Held*, such written warranty was no obstacle to plaintiff's showing an oral warranty by defendant that all the cows were with calf.

APPEAL AND ERROR: Appeal—Notice of—Sufficiency—Error in
3  Date of Judgment. A notice of appeal sufficiently describing the judgment appealed from is sufficient, even though containing an error as to the date of such judgment.

*Appeal from Polk District Court.*—HON. LAWRENCE DEGRAFF, Judge.

SATURDAY, APRIL 10, 1915.

REHEARING DENIED SATURDAY, SEPTEMBER 25, 1915.

Action for damages consequent upon alleged false representations and breach of warranty. The allegations of the petition were put in issue and a counterclaim interposed. Jury was waived and on trial, the petition was dismissed and judgment entered on the counterclaim. The plaintiffs appeal. —*Reversed.*

*Graham & Graham,* for appellants.

*Miller & Wallingford* and *Oliver H. Miller,* for appellee.

Ladd, J.—I. The defendant was operating a dairy in Des Moines and entered into a written contract with plaintiff John R. Fudge, under which he agreed to sell 21 cows and other property. According to Fudge, defendant said he would guarantee all of the cows to be with calf and the purchase was made in reliance thereon. Only five proved so to be and, as the matter of warranty was not touched in the contract, extrinsic evidence was admissible to establish the same as resting in parol. *Fawkner v. Smith Wall Paper Co.,* 88 Iowa 169; *Lake Manawa Ry. Co. v. Squire,* 89 Iowa 576. This is on the theory that, the contract resting partly in writing and partly in parol, the latter, being in no wise inconsistent with former, might be shown.

*1. Evidence: "parol evidence" rule: contracts partly written, partly oral: when oral part provable: warranty.*

The defendant denied making the oral warranty, but testified to having told Fudge that all the cows had been bred. The trial court found that defendant had warranted the cows to be with calf, as alleged, but held that, as the bill of sale subsequently delivered contained the clause, "I hereby warrant the title of said property and that it is free from any incumbrance or liens," the alleged oral warranty might not be proven. Such written warranty of title was not in pursuance of any talk or understanding between the parties and was merely a part of the

*2. Evidence: "parol evidence" rule: written warranty foreclosing oral warranty: when rule inapplicable.*

printed form of a blank bill of sale used, and the bill of sale was turned over, with a lease of the premises, on payment of a part of the purchase price in money and the execution of a note and chattel mortgage securing it for the balance. No additional consideration passed, owing to the insertion of the written warranty. On the contrary, the price paid was that which the parties had agreed upon in the preliminary written agreement, and we are of opinion that the oral warranty, if made, was binding, and that the insertion of the written warranty of title in the bill of sale added nothing to the preliminary contract, as (a) in any event defendant was bound to pass a good title, and (b) such written warranty was without consideration. *Valerius v. Hockspiere,* 87 Iowa 332; *Aultman & Co. v. Kennedy,* 23 N. W. (Minn.) 528.

Having found that there was a warranty, the court should have assessed the damages consequent upon the breach thereof. The facts of the case do not bring it within the rule of the decisions cited by appellee. See *Western Electric Co. v. Baerthel,* 127 Iowa 467; *Four Traction Auto Co. v. Hurni,* 156 Iowa 725.

II. Judgment was entered October 15, 1913. Appeal was perfected therefrom and then dismissed, and thereafter plaintiffs moved for new trial on the ground of newly discovered evidence. This motion was overruled

3. APPEAL AND ERROR: appeal: notice of: sufficiency: error in date of judgment.

April 4, 1914, and three days later, plaintiffs caused notice of appeal to be served, reciting that they "have appealed from the judgment of the district court aforesaid rendered against them in the above entitled cause on the 4th day of April, A. D. 1914." This error in the date was not material, as the judgment was sufficiently described without it. *Kennedy v. Rosier,* 71 Iowa 671; *Parker v. Assn.,* 108 Iowa 117.—*Reversed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.