PRICE & TEEPLE PIANO COMPANY, Appellant, v. P. E. SHEENAN.

**Contracts:** SUBSEQUENT ORAL AGREEMENT: EFFECT. The existence of a written contract of indemnity against loss by reason of a failure

to fulfill the warranties of goods sold, which has relation to one locality, will not preclude the assertion of a subsequent oral agreement of like character relating to sales at a different place; and the course of dealing of the parties in this case was such that the question of whether they should be held to have continued their relations under the written contract or to have entered into the alleged subsequent oral contract was for the jury.

**Same:** CONTRACTS OF WARRANTY: ENFORCEMENT. Where, as in this 2 case, defendant sold pianos for plaintiff under a contract that plaintiff would hold defendant harmless as to any warranty he might make individually concerning such sales, the defendant was not precluded from enforcing the indemnity contract by reason of the fact that plaintiff also warranted its instruments to the purchaser to be perfect and free from defects.

**Same:** AGENCY: BREACH OF WARRANTY: RECOVERY BY AGENT. The 3 purchaser of a piano sold by defendant as the agent of plaintiff under a warranty by him individually, which proved defective, has the option to keep the same and claim damages of defendant on his warranty, or to rescind the sale and return the instrument; but to authorize recovery by defendant against the plaintiff on its guaranty to hold him harmless against warranties which he might make, it was incumbent on defendant to allege and prove either that he had been compelled to respond in damages, or that there had been a rescission and return to him of the purchase price.

*Appeal from Perry Superior Court.*—HON. JOHN SHORT-LEY, Judge.

THURSDAY, FEBRUARY 9, 1911.

ACTION on an account to which the defendant pleaded a counterclaim on which judgment was entered. The plaintiff appeals. *Reversed.*

*H. S. Dugan, W. W. Cardell, Eastman & White* and *C. L. Wise,* for appellant.

*H. G. Giddings* and *W. H. Winegar,* for appellee.

LADD, J.—Suit was brought on account, several items

of which were put in issue by the answer, and, by way of counterclaim, the defendant alleged that about March 26, 1905, he entered into an oral agreement with plaintiff, acting through its manager, by the terms of which defendant was to have the exclusive agency for the sale of plaintiff's pianos at Perry and vicinity; that it would ship pianos of style and quality by him ordered under an absolute warranty that if at any time, either before or after this defendant had sold the same, it proved to be defective either in workmanship or material, plaintiff would substitute therefor a piano of the same style and quality at its own expense, and should not charge shoppage on such pianos; that in case it was claimed any such piano, so shipped by plaintiff to defendant, was not as warranted it should be examined and passed upon at defendant's agency or at the home of the purchaser, as it might then be located, and that defendant in selling such pianos should be at liberty to warrant the same to his purchasers as absolutely perfect in material and workmanship, and agree with the purchaser that in case the piano sold did not prove to be so perfect in material and workmanship, he would either replace the same with one of the same style and quality, in such perfect condition, or refund the purchase money or evidence of indebtedness executed on account of such purchase; and that plaintiff would protect defendant and hold him harmless on such warranty. He pleaded further that, in pursuance of this arrangement, he sold a piano to B. F. Heater and another to L. B. and E. B. Baker; that he personally warranted each, and each proved defective; that each refused to keep the piano by him purchased; "that after such defect became apparent, and after the rescission of such purchase by the purchaser (Heater), defendant demanded of plaintiff the replacement of such piano under its warranty thereof, or the refunding of the purchase price therefor, which plaintiff refused." Substantially the same allegations with reference to the Bakers that "they rescinded

the sale thereof," and the prayer was for the recovery of the purchase price of the two pianos. The verdict included the prices paid to plaintiff by defendant, and the only errors necessarily to be considered relate to these items.

I. There is nothing in the contention that the defendant was precluded from claiming under the oral contract because of an outstanding written agreement. The latter was expressly limited to Stuart and vicinity when defendant resided there. The alleged oral arrangement related to Perry and vicinity. Whether this, in the piano business, was in the vicinity of Stuart, and the course of dealing was such that the parties should be held to have continued their relations under the written agreement, or had entered into an oral contract as alleged by defendant, were issues for the jury to determine.

*1. CONTRACTS: subsequent oral agreement: effect.*

II. The plaintiff's written warranty accompanied each piano, and it is contended that because of this, a like oral warranty by defendant might not be proven. There can be no objection to a purchaser acquiring an instrument under two distinct warranties by different persons even though worded alike, nor is there any reason for saying that, though plaintiff had executed a warranty, it might not arrange with another to give an additional warranty and promise to keep that other harmless. Such contracts are distinct, and different, the one with the purchaser and the other with the agent. That with the purchaser warranted the workmanship and material perfect; that with the agent was that it undertook to keep him harmless on any warranty he should make individually. *Electric Storage Battery Co. v. Waterloo Ry. Co.*, 138 Iowa, 369, and like decisions, are not in point. The existence of the written warranty was no obstacle to proof of the alleged oral warranty, though it was a circumstance to be considered in determining whether

*2. SAME: contracts of warranty: enforcement.*

plaintiff promised to keep defendant harmless on any oral warranty by him made.

III.  Conceding the oral contract and warranties to have been made as alleged and the pianos to have been defective, the purchasers had the option to keep them and claim damages of defendant or rescind the sale and return the instruments.  No evidence as to measure of damages was adduced.

3. SAME: agency: breach of warranty: recovery by agent.

The theory of defendant must have been that the purchasers had rescinded the contracts of purchase. But no rescission of the sale to Heater was pleaded.  The counterclaim merely recited that, after rescission, defendant notified plaintiff to replace the piano or return the money.  Nor did the court submit to the jury whether Heater had ever rescinded.  All the latter testified was that defendant told him that he would make the warranty good if plaintiff did not, and that he still had the piano subject to defendant's order.  The counterclaim alleged generally that the Bakers had rescinded, and the only submission of the issue as to them was in quoting the language of the pleading as stated above.  Mrs. Baker testified that she had notified defendant that "the piano was there at his order;" that he had said he would give another piano for the money; "that she was willing to turn the piano back to defendant if he replaces it with a new piano or pays her back the money received."  The pianos remained in the possession of the purchaser, and defendant had neither replaced them nor parted with any money on account of the alleged breach of his warranty.

As rescission was the basis of recovery, it would seem that this should have been pleaded, and that the court should have instructed the jury what was essential to constitute rescission and required a finding thereon.  Moreover, as all plaintiff had undertaken to do was to "protect defendant and hold him harmless," the latter is in no position to demand indemnity until he has been harmed by

being compelled to respond because of the breach of his oral warranty. In other words, defendant was entitled to recover such damages only as he had actually suffered, and not those which were merely anticipated. These errors are not cured by the release of all claims or demands against plaintiff by the purchasers, for, unless defendant has responded in damages, or there has been rescission and a return of the purchase price by him, he may not interpose the counterclaim. *Reversed.*